CASE 11.—ACTION BY ERNEST EVANS' ADMINISTRATOR AGAINST THE CUMBERLAND TELEPHONE & TELEGRAPH COMPANY.—Oct. 26, 1909.

## Evans' Adm'r. v. Cumb. Tel'p. & Tel'g Co

Appeal from Oldham Circuit Court.

CHARLES C. MARSHALL, Circuit Judge.

Dismissed on demurrer and plaintiff appeals—Affirmed.

1. Death—Negligence of Telephone Company—Failure to Transmit Message.—The negligent failure of a telephone company to connect a message dispatched to call a doctor for a person who had sustained an accidental gunshot wound with the doctor's telephone, thereby depriving such person of medical attention, is too remote to constitute it a proximate cause of the death; it not appearing that, but for the negligence, the death would not have resulted.

2. Action—Ground of Action—Conjecture.—A thing not susceptible of being proved can not be made the basis for a recovery in an action at law, as it would base the recovery on conjecture alone.

LLOYD W. GATES, EDWARDS, OGDEN & PEAK and S. E. DEHAVEN for appellant.

Evans' Admr. v. Cumb. Telp. & Telg. Co.

## POINTS AND AUTHORITIES.

1. A telephone company is liable for the natural and proximate damage caused by its delay in giving telephone connection, where it is shown that such damage would not have occurred if it had performed its duty. 2 Greenleaf, Evidence 210; Smith v. W. U. Telegraph Co., 83 Ky. 116.

2. Where a person suffering from a gun shot wound in the leg, dies as the result of a telephone company's negligence in refusing to give a telephone connection with a doctor's residence, whereby the injured party could have obtained the said physician's services, and his life thereby saved, the company is liable in damages for the death caused by its negligence.

3. The lower court erred in sustaining demurrer to plaintiff's petition on the ground that the damages were too remote and speculative. The case of Lebanon, &c., Tel. Co. v. Lanham Lumber Co., 115 S. W. 824, relied upon by defendant, does not sustain its contention.

4. An allegation that the life of a person suffering from a gun shot wound in the calf of the leg would have been saved with proper medical attention is not so speculative and conjectural as to authorize a court to release a telephone company from liability for its gross negligence in failing to deliver a message.

5. Proximate cause is a question for the jury to determine from the facts. L. & N. R. R. Co. v. Kiefer, 113 S. W. 435.

6. Appellee should be held liable for Evans' death, because of its wanton, willful and reckless negligence. Metallic, &c., Co. v. Pittsburg, 109 Mass. 277; Little Rock Tract. Co. v. McCaskill, 75 Ark., 86 S. W. 997; Mott v. Hudson River Ry. Co., 1 Rob. (N. Y.), 585; Kiernan v. Metropolitan Constr. Co., 170 Mass. 378.

FAIRLEIGH, STRAUS & FAIRLEIGH for appellee.

A. The action of the trial court in sustaining the general demurrer to the petition was right.

B. The trial court erred in ruling that it had jurisdiction to hear and determine this action. Lebanon, Louisville & Lexington Telephone Co., &c. v. Lanham Lumber Co., 115 S. W. 824; Civil Code, Sec. 73; Sections 35 and 36; Newman's Pleading and Practice (DuRelle's Edition).

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Ernest Evans sustained an accidental gunshot wound in the leg, producing considerable hemorrhage. A messenger, who was dispatched to call a doctor applied at a pay station of the appellee, and asked that he be furnished telephone connection with the doctor's residence, offering to pay the required toll. It is alleged that owing to the negligence of the operator there was a failure to make the connection with the doctor's telephone, in consequence of which he did not get the message, and Evans was thereby deprived of his services. It is further alleged that, if the connection had been made, the doctor would or could have got to the patient in time to have stanched the flow of blood and have saved his life; but, as the doctor did not get there, the patient for the lack of medical attention bled to death. This is a suit at law by the administrator of Ernest Evans against the telephone company to recover $25,000 damages for the alleged negligent destruction of the intestate's life. A demurrer was sustained to the petition. An amended petition was allowed. In the amendment it was averred that the doctor mentioned was the nearest doctor available, or who could have been secured by the decedent at that time. Evans was about four miles from the doctor's residence. A general demurrer was sustained to the petition as amended, and, plaintiff electing to stand by the cause of action as stated, his petition was dismissed. He appeals.

We think the alleged negligence too remote in law from the fact of the decedent's death to constitute it a proximate cause of the death. Nothing appears that, but for the alleged negligence, the death would not have resulted. The injury to the young man was inflicted before the negligent act sued upon, and, of course, has no casual connection with it. If the send-

Evans' Admr. v. Cumb. Telp. & Telg. Co.

ing of the message itself, and it alone, could have prevented the death, a different state of case would be presented.  But the office of the message was to set in motion an entirely new and independent agency, the result of which is purely speculative.  It does not necessarily follow that the doctor would or could have got to the young man before he died. Nor does it necessarily result that, if the doctor had got there, he could have saved the life of the youth.  It is true, both propositions are alleged in  the  petition.  But neither is susceptible of proof.  A thing not susceptible of being proved cannot be made the basis for a recovery in a lawsuit.  That would be to base the recovery upon conjecture alone, which is never allowed.

The lower court followed the opinion in Lebanon, Louisville & Lexington Telephone Company v. Lanham Lumber Company (Ky.) 115 ,S. W. 824, 131 Ky. ——.  The principal announced in that case is adhered to.

Judgment affirmed.