## McFARLIN v. GULF STATES TELEPHONE CO. (No. 16.)*

(Court of Civil Appeals of Texas. Waco. Nov. 15, 1923. Rehearing Denied Jan. 10, 1924.)

*Telegraphs and telephones* ⊜➾68(I)—Damages not recoverable for mental anguish from inability to call physician for child.

A telephone company is not liable for the damages, if any, caused by the mental pain and anguish suffered by father because of the fact that he could not get connection with the telephone company's operator in order to call a physician to attend his sick child, and thereby perhaps save the life of the child or, if not, relieve the child's suffering and pain; such damages being too remote.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

Action by A. J. McFarlin against the Gulf States Telephone Company. From judgment of dismissal, plaintiff appeals. Affirmed.

S. R. Allen, of Hamilton, for appellant.
A. R. Eidson, of Hamilton, for appellee.

BARCUS, J. About 10 o'clock on the night of March 7, 1922, appellant's child was taken seriously sick with diphtheria, and died about 3 o'clock the next morning. Appellant alleged that he was not a subscriber to the telephone service of appellee, but that over a neighbor's phone he attempted to get the central operator of appellee at Hamilton, Tex., which was 7 miles from his home, and that he was unable to get central to answer, and that, but for the negligence of the servants, agents, and employees of appellee in failing to answer said telephone, he would have been able to get a physician to administer to his child, and if he had gotten a physician that the physician might have been able to save the child's life, and, if not, could have given medicine to the child which would have prevented the child from suffering for 3 or 4 hours before its death, and that by reason of not having been able to get a physician, appellant suffered great mental pain and anguish, to his damage in the sum of $1,950.

Appellee filed special exceptions to the effect that appellant had not pleaded a cause of action. Said exceptions were by the trial court sustained. Appellant declined to amend, and the cause was dismissed. The only question for review by this court is as to whether appellant stated a cause of action in his petition.

The case of Lawson v. Haskell Telephone Co. (Tex. Civ. App.) 224 S. W. 390, is very similar to the facts involved herein. Mr. Lawson was at the home of his father, and his child became suddenly ill, and, by reason of being unable to arouse the operator of the telephone company, he was not able to get a physician, and his child died. The court held he was not entitled to recover.

In the case of Deweese v. Southwestern Telegraph & Telephone Co. (Tex. Civ. App.) 144 S. W. 732 (in which case the Supreme Court denied a writ of error), the court held that plaintiff could not recover, and that his petition did not state a cause of action, although he alleged he was a subscriber to the defendant's telephone system and was entitled to service, and that he had specially notified the defendants about his wife being sick, and that she would likely need a physician on an emergency call, and that defendants had promised and agreed and contracted that they would answer his call and connect him with the residence of the doctor. He alleged further that by reason of the defendants having negligently failed to answer his call and connect him with the doctor, his wife died, and that, if the defendants had answered his call and given him connection with the doctor, that the doctor could have saved the life of his wife. The court used this language:

"The petition shows that Mrs. Deweese's death was the result of natural causes, and did not result from an injury to her person by the wrongful act of the telephone company. The failure of the company to provide a way of communication between the appellants and physician was a breach of contract, which may have indirectly prevented her receiving relief, and thereby might have saved her life, but such a contingency is too remote upon which to base an action for damages under the statute."

A telephone company is not liable for the damages, if any caused by the mental pain and anguish suffered by a father, by reason of the fact that he could not get connection with a telephone company's operator in order that he might call a physician to attend a sick child, and thereby perhaps save the life of the child, or, if not, relieve the child's suffering and pain. The damages, if any, are too remote. The petition in this case did not state a cause of action, and there was no error in the trial court's ruling. Lawson v. Haskell Telephone Co., supra; Deweese v. Southwestern Telegraph & Telephone Co., supra; Evans, Adm'r, v. Telephone Co., 135 Ky. 66, 121 S. W. 959, 135 Am. St. Rep. 444; Western Union Telegraph Co. v. Edmondson, 91 Tex. 206, 42 S. W. 549; Rowell v. Western Union Telegraph Co., 75 Tex. 26, 12 S. W. 534; Western Union Telegraph Co. v. Waller (Tex. Civ. App.) 233 S. W. 1026 (in this case the Supreme Court affirmed judgment of the appellate court, 232 S. W. 487); Telegraph Co. v. Thomas (Tex. Civ. App.) 185 S. W. 396;

⊜➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 20, 1924.

Telephone Co. v. Soloman (Ky.) 117 S. W. 314.

The judgment of the trial court is in all things affirmed.