HINES et al. v. WESTERFIELD.

Court of Appeals of Kentucky.
Jan. 30, 1953.

Wilson & Wilson, Owensboro, for appellants.

Byron, Sandidge & Holbrook and Wells T. Lovett, Owensboro, for appellee.

DUNCAN, Justice.

The appeal challenges a judgment for $950 rendered pursuant to the verdict of a jury in favor of appellee for damages to his truck resulting from an accident which occurred in the town of Whitesville on what is known as the Owensboro Road.

On February 1, 1951, the appellant, Mrs. Hines, parked her husband's automobile in front of their residence, which is situated within but near the outer fringe of the city limits of Whitesville. Because of snow and the icy condition of the street, she was unable to park the car in its usual position and it was left extending into the black top or traveled portion of the street for a distance variously estimated at from eighteen inches to three feet. The car remained parked in that position until the time of the accident on February 3, 1951, by which time an additional eighteen-inch obstruction in the street had been caused by snow which had been banked against the side of the car by a snow plow.

On the afternoon of February 3, 1951, appellee was driving a truck on Owensboro Road toward the business section of Whitesville. The parked car was on the left in the direction in which the appellee was traveling and the street was slick due to the snow. · At a time when he was about one hundred feet from the parked car, appellee observed an automobile operated by an unidentified driver approaching from the

opposite direction. As the meeting vehicles reached a point in the street approximately even with appellants' parked automobile, the third car pulled to its left directly in the path of appellee's truck. In an effort to avoid a collision, appellee drove his truck into a ditch on his right side of the street, resulting in extensive damage to the truck. Among other reasons urged for reversal, it is insisted that appellants are not liable because the parking of appellants' automobile in the manner described was not the proximate cause of the accident and resulting injuries.

The determination of proximate cause has always been a difficult matter for the courts, particularly when there has been an intervening act or force between what is charged as the original negligent act and the resulting injuries. The rule for determination of proximate cause is universally recognized, but difficulty arises in an application of the rule to the facts of every case. It is elementary that if a cause is remote and only furnishes the condition or occasion of the injury it is not the proximate cause thereof. To be proximate, a cause is not required to be the last link in the chain of events. An act or force may intervene without breaking the chain of cause and effect, so long as the intervening force or act is not the superseding cause. A superseding cause relieves the original negligent actor from liability irrespective of whether the antecedent negligence was or was not a substantial factor in bringing about the injury. The most perplexing problem in connection with the subject of proximate cause is the determination under the facts of each case of whether or not the intervening force or act is the superseding cause.

Admittedly in the case before us, the negligent act of the driver of the third car in forcing appellee off the street intervened between the parking of appellants' car and the ultimate injury to appellee's truck. The question we have to determine is: "Was such intervening negligence the superseding cause of the accident?" The question is primarily one of fact. If the original negligent act set in force a chain of events which the original negligent actor might have reasonably foreseen would, according to the experience of mankind, lead to the event which happened, the original actor is not relieved of liability by the intervening act. If, however, the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the original actor is not liable.

Many cases, domestic and foreign, support the general principles which we have discussed, but there is a scarcity of authority on the factual situation which is presented by this record. In Suter's Adm'r v. Kentucky Power & Light Co., 256 Ky. 356, 76 S.W.2d 29, 32, it was claimed that defendant's car was parked in such a position that it extended into the highway for a distance of three and one-half feet. The driver of the car in which decedent was riding pulled to the left of the road to avoid the parked car, and in doing so, the car began to skid and turned over some 300 feet beyond the parked car. In holding that the parked car was not the proximate cause of the accident, this court there said:

"Proximate cause is to be determined as a fact in view of the circumstances attending it. Beiser v. Cincinnati, N. O. & T. P. R. Co., 152 Ky. 522, 153 S.W. 742, 43 L.R.A.,N.S., 1050. It is that cause which naturally leads to, and which might have been expected to have produced, the result. The connection of cause and effect must be established. And if a cause is remote and only furnished the condition or occasion of the injury, it is not the proximate cause thereof. Logan v. Cincinnati, N. O. & T. P. R. Co., 139 Ky. 202, 129 S.W. 575. The proximate cause is a cause which would probably, according to the experience of mankind, lead to the event which happened, and remote cause is a cause which would not, according to such experience, lead to such an event. It is superfluous to say there can be no recovery on account of negligence of another which was not the proximate

cause of the injury complained of. Evans' Adm'r v. Cumberland Tel. & Teleg. Co., 135 Ky. 66, 121 S.W. 959, 135 Am.St.Rep. 444.

"Accepting the testimony in behalf of the administrator and entirely disregarding that of the power and light company, it is inconceivable even though the Studebaker was parked 3 or 3½ feet in the 16 feet of the traveled portion of the highway, leaving out of consideration the 3 feet of the 'soft shoulder' on the side of the highway opposite the Studebaker, that its location on the edge of the highway was even a remote, much less the proximate, cause of McKay's car skidding, and turning over 300 feet therefrom and killing the deceased."

 In the case before us, the street was twenty-one feet wide. The highest estimate given as to the distance the parked car protruded into the street was three feet. This distance, together with the banked snow, left the remainder of the street unobstructed for a width of sixteen and one-half to seventeen feet. This distance afforded ample space for two vehicles to pass. The act of the unidentified driver in driving his car on appellee's side of the road and forcing him into the ditch was, in the opinion of a majority of this court, an unexpected and unusual event which was not reasonably foreseeable by appellant in parking her car. A majority of the court think that the act of the third driver was the superseding cause which brought about the accident. It follows that a verdict should have been directed for appellants.

Appellee relies upon the recent case of Bosshammer v. Lawton, Ky., 237 S.W. 2d 520, as supporting his position that appellant's negligence was the proximate cause of the accident. A majority of the court conclude that this case is distinguishable on the facts. There, the defendant's car was parked with its left wheels in the center line of the eighteen-foot highway completely obstructing one lane of traffic. The parked car was immediately opposite a driveway leading into a garage and a vehicle coming from the driveway would have been required to make a sharp turn to go in either direction on the highway. There, it was held that the defendant in parking his car should have reasonably foreseen that some other vehicle would come from the garage and turn sharply in the traffic lane not occupied by the parked car.

In view of the conclusions which have been reached, it is unnecessary to consider other alleged errors which are discussed by appellant.

The judgment is reversed for proceedings consistent with this opinion.