**BANNER TRANSFER COMPANY, a Corporation, Appellant,**

v.

**Virginia D. MORSE, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

Rehearing Denied Jan. 28, 1955.

Mayer, Cooper & Kiel, Louisville, Dailey & Fowler, Frankfort, for appellant.

William A. Young, Frankfort, for appellee.

COMBS, Justice.

The plaintiff—appellee—was injured when her automobile struck the rear end of a truck owned by the defendant—appellant. The accident occurred on the Frankfort-Versailles Highway, just east of

Frankfort, Kentucky. A jury returned a verdict of $5,000 for the plaintiff. Defendant contends, first, that it was not negligent or, if it was, that its negligence was not the proximate cause of the accident; and second, that plaintiff was guilty of contributory negligence as a matter of law.

The road in question is a four-lane highway, there being two lanes each for traffic going east and west. On the afternoon of December 4, 1951, defendant's van type yellow truck was being driven west toward Frankfort. The engine commenced to sputter and the vehicle came to a stop on the highway at the bottom of a slight incline just east of the Kentucky State College. The truck occupied the right-hand or outer-traffic lane, which is designed for slow moving traffic, thus leaving the inner lane open for westbound traffic.

The driver of the truck walked to a nearby garage and engaged the services of a mechanic. The mechanic went to the truck and after a brief inspection determined that a valve in the fuel pump would have to be replaced. The needed part was obtained in Frankfort and was being installed when the collision occurred.

Plaintiff was driving her automobile toward Frankfort on the same highway, in the outer traffic lane, at approximately 30 miles per hour. She testified that she first saw defendant's truck when she came over the crest of the incline in the highway about 1000 feet away and realized the truck was in her lane of traffic. Immediately in front of plaintiff's car was another car traveling in the same direction in the same traffic lane. Plaintiff testified she could not see the wheels of the truck and assumed that the vehicle was moving. She also testified that the rays of the afternoon sun were slanted at such an angle as to create the illusion the truck was in motion. The car in front of plaintiff was driven by a Mrs. Bassett. When Mrs. Bassett's vehicle reached a point some 15 to 20 feet from the truck it swerved into the inner traffic lane and passed to the left of the truck. Then for the first time, according to plaintiff, she realized the truck was not moving and cut her car to her left but not in time to avoid a collision. Plaintiff's car struck the left rear of the truck and she was seriously injured.

There is a conflict in the testimony as to how long the truck had been stopped on the highway, the estimates of witnesses ranging from 45 minutes to three hours. KRS 189.450 reads in part:

> "No person shall stop a vehicle, leave it standing or cause or permit it to stop or to be left standing upon the main traveled portion of a highway * * *. This subsection shall not apply to a vehicle that has been disabled while on the main traveled portion of such a highway in such a manner and to such extent that it is impossible to avoid the occupation of the main traveled portion or impracticable to remove it from the highway until repairs have been made or sufficient help obtained for its removal and shall not apply to wreckers at the scene of accidents or emergency vehicles."

■■ The purpose of the statute is to prevent the highway from being obstructed by stationary vehicles. One leaving a vehicle standing on the highway has the burden of showing that he comes within one of the exceptions enumerated in the statute. Bosshammer v. Lawton, Ky., 237 S.W.2d 520; Padgett v. Brangan, 228 Ky. 440, 15 S.W. 2d 277. Here, it is established without contradiction that defendant's truck was stopped on the highway in the first instance because it was disabled. To this point there is no showing of negligence on the part of defendant's driver. The failure to remove the disabled truck from the highway presents a different question. As we construe the statute, a disabled vehicle must be removed from the highway unless it is impracticable to do so. According to the testimony of defendant's driver, the truck remained on the highway for at least 45 minutes without any attempt being made to remove it. Other witnesses place the truck upon the highway for a much longer period of time. It was for the jury to determine whether defendant's driver was

negligent in failing to remove, or attempting to remove, the truck from the highway.

A more difficult question is whether plaintiff was guilty of contributory negligence as a matter of law. As already noted, the accident happened in the afternoon, in broad daylight. The road was dry and is comparatively straight for a considerable distance in both directions from the scene of the collision. Plaintiff admits she saw the truck a distance of 1,000 feet away. The car in front of her passed to the left of the truck without undue difficulty and there is no logical explanation of plaintiff's failure either to turn into the inner traffic lane or to stop her car.

We are not impressed with plaintiff's statement that the car in front of her obstructed her view of the wheels of the truck and, therefore, she did not realize that the truck was stopped. Even though plaintiff may not have been in position to see the wheels of the truck, it seems to us that it should have been a very simple matter for her, while approaching at 30 miles per hour, a truck of this size, in plain view for a distance of 1,000 feet, to have determined that the truck was stopped on the highway directly in front of her. Nor are we impressed with the suggestion that the rays of the sun shining upon the truck created the illusion that the vehicle was in motion. It is not contended that plaintiff was blinded by the sun, but only that the sun, in some manner not clearly explained, created an illusion that the truck was moving. Counsel for appellee does not stress this point and apparently offers it in passing for whatever it may be worth. It occurs to us that this suggestion is too illusory to be given much weight in a court of law.

Plaintiff testified she was driving some 40 feet behind the car in front of her when she first saw the truck and, so far as is shown, she continued to keep that distance until the car in front of her swerved to the left in order to pass the truck. Plaintiff placed this car at 15 to 20 feet from the truck when it swerved to the left. If plaintiff's estimates are correct, then her car was at least 50 feet from the truck when the car in front of her cut to the left. It would seem that plaintiff should have realized at this point, at the very latest, that she was faced with an unusual situation which might require immediate action on her part.

The question of contributory negligence ordinarily should be submitted to the jury. Hardware Mutual Casualty Co. v. Union Transfer & Storage Co., 205 Ky. 651, 266 S.W. 362; Padgett v. Brangan, 228 Ky. 440, 15 S.W.2d 277, cited above. But where reasonable minded men could arrive at only one conclusion from the testimony, the question becomes one of law for the court. Acres v. Hall's Adm'r, Ky., 253 S.W.2d 373. It seems to us the testimony in this case points unerringly to the fact that plaintiff either was not keeping a proper lookout or did not have her car under proper control. The rule in this jurisdiction is that an injured party may not recover damages if his negligence is a contributing factor in causing the injury. It is not necessary that plaintiff's negligence be the sole cause of the injury; it is sufficient if it contributes to the extent that the injury would not have occurred but for such negligence. Saddler v. Parham, Ky., 249 S.W.2d 945; McCarter v. Louisville & N. R. Co., 314 Ky. 697, 236 S.W.2d 933. We are unable to escape the conclusion that plaintiff was guilty of contributory negligence as a matter of law and that the trial court should have directed a verdict for the defendant. For a case very similar on the facts, see Turpin v. Scrivner, 297 Ky. 365, 178 S.W.2d 971.

The judgment is reversed for proceedings consistent with this opinion.