**GREYHOUND CORPORATION et al.,**
**Appellants,**

v.

**Barbara WHITE and Lillian White, suing by her mother and next friend, Barbara White, Appellees.**

**Barbara WHITE and Lillian White, an infant, suing by her mother and next friend, Barbara White, Appellants,**

v.

**Francis WHITE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Rehearing Denied May 22, 1959.

Stoll, Keenon & Park, Lexington, J. E. Wise, Elizabethtown, for appellant Greyhound Corporation et al.

J. T. Hatcher, Paul M. Lewis, Elizabethtown, for appellees Barbara White and Lillian White suing by her Mother and next friend, Barbara White.

Woodward, Hobson & Fulton, Louisville, L. A. Faurest, Jr., Robert N. Hubbard, Harold Huddleston, Elizabethtown, for appellees Francis White et al.

CULLEN, Commissioner.

As a result of a collision involving a Greyhound bus, a school bus of the Hardin County Board of Education, and an automobile driven by Francis E. White, the wife

and infant daughter of White were injured. They sued the Greyhound Corporation and its bus driver, and the school board and its bus driver. Mr. White also was made a defendant in his wife's suit. Upon the trial, the court directed a verdict in favor of the school board and its driver, and the jury returned a verdict in favor of Mr. White but against the Greyhound Corporation and its driver, awarding damages of $15,000 to Mrs. White and $10,000 to the daughter. Judgment was entered accordingly.

The Greyhound Corporation and its driver have appealed, maintaining that their motions for a directed verdict and for judgment notwithstanding the verdict should have been sustained. Mrs. White and her daughter also have appealed, both contending that the court erred in directing a verdict in favor of the school board and its driver, and Mrs. White contending further that her husband was negligent as a matter of law and there should have been a directed verdict against him.

A statement of the facts of the accident is necessary.

The Greyhound bus was proceeding south on U. S. Highway No. 31-W around 7:00 a. m. on October 3, 1956. The left front tire of the bus went flat, and after slowing gradually for a distance of some 500 feet the driver pulled the bus off the road on the right (west) shoulder and brought it to a stop. The shoulder extended only about six feet from the edge of the pavement to a ditch, and the bus was eight feet wide, so after pulling over as far as possible, a portion of the bus still remained on the pavement. The evidence was that the left front wheel was three feet, ten inches, and the left rear wheel about two feet, from the edge of the pavement.

At the point where the bus stopped the pavement was 20 feet wide, and the road was straight, with unobstructed view, for a distance of one-half mile in each direction. It had been raining, and after the bus stopped it started to rain again. The driver put out two flares behind the bus, one about 60 or 75 feet back and the other about 120 feet back. The driver then made preparations for changing the tire.

The Greyhound bus had been standing about 20 minutes when a school bus of the Hardin County Board of Education approached from the north proceeding south as the Greyhound had been. There was a farm dwelling across the road (on the east) from the point where the Greyhound had stopped, and the walkway leading to the door of the dwelling was a short distance north of the rear of the Greyhound. There were children at this dwelling, waiting for the school bus, and the driver of the school bus, in order to pick up the children, pulled the school bus into the *left* (east) traffic lane and stopped in that lane about opposite the walkway leading to the dwelling. At the point where the school bus stopped, the distance from the front of the school bus to the rear of the Greyhound was somewhere between 34 feet and 80 feet. One witness said it was 34 feet, one said it was 51 feet, and another estimated it was around 80 feet.

A few seconds after the school bus stopped, the White automobile, also coming from the north, struck the right rear corner of the school bus and then proceeded on and across the road and struck the left rear corner of the Greyhound. White had applied his brakes around 150 feet back of the school bus but his car went into a skid, and it was skidding when it struck the two buses.

We will state further details in connection with our discussion of the various contentions of the parties.

The Greyhound Corporation and its driver maintain first that the Greyhound driver was not negligent, and second, that even if he was negligent his negligence was not a proximate cause of the accident. Negligence was sought to be attributed to him on the ground that there was a wide graveled strip along the east side of the highway, at the point where he stopped, upon which he could have driven the bus so as to remove it entirely from the pavement.

The statute relating to stopping vehicles on the highway, KRS 189.450(1)(a), provides that the prohibition against stopping on the main traveled portion of the highway does not apply to a vehicle that has been disabled "in such a manner and to such an extent that it is impossible to avoid the occupation of the main traveled portion or impracticable to remove it from the highway until repairs have been made or sufficient help obtained for its removal."

■ The testimony of the Greyhound driver was, that for a number of reasons stated by him, it was impracticable, and substantially impossible, to move the Greyhound across the road upon the graveled strip. However, another witness with some experience in the operation of buses testified that the bus could have been driven onto the gravel strip with no great difficulty. Under the evidence, we think reasonable minds might differ as to whether it was impracticable to move the bus from the highway, and therefore the question of negligence of the Greyhound driver properly was for the jury. See Banner Transfer Co. v. Morse, Ky., 274 S.W.2d 380; Ashton v. Roop, Ky., 244 S.W.2d 727.

■ We face the question, then of whether the Greyhound driver's negligence (found by the jury) was a proximate cause of the accident. We view the question as being one of intervening or superseding cause. In Hines v. Westerfield, Ky., 254 S.W.2d 728, the plaintiff motorist was forced into a ditch when another motorist pulled into his path in attempting to pass the defendant's car, which was parked partly on the pavement. In holding that the act of the passing motorist was a superseding cause, such as to relieve the defendant from liability, this Court said (254 S.W.2d 728, 729):

"Admittedly in the case before us, the negligent act of the driver of the third car in forcing appellee off the street intervened between the parking of appellants' car and the ultimate injury to appellee's truck. The question we have

to determine is: 'Was such intervening negligence the superseding cause of the accident?' The question is primarily one of fact. If the original negligent act set in force a chain of events which the original negligent actor might have reasonably foreseen would, according to the experience of mankind, lead to the event which happened, the original actor is not relieved of liability by the intervening act. If, however, the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the original actor is not liable."

Also (254 S.W.2d 728, 730):

"In the case before us, the street was twenty-one feet wide. The highest estimate given as to the distance the parked car protruded into the street was three feet. This distance, together with the banked snow, left the remainder of the street unobstructed for a width of sixteen and one-half to seventeen feet. This distance afforded ample space for two vehicles to pass. The act of the unidentified driver in driving his car on appellee's side of the road and forcing him into the ditch was, in the opinion of a majority of this court, an unexpected and unusual event which was not reasonably foreseeable by appellant in parking her car. A majority of the court think that the act of the third driver was the superseding cause which brought about the accident. It follows that a verdict should have been directed for appellants."

It is our opinion that the act of the school bus driver in stopping on the left side of the road in such a position as to materially obstruct, if not completely block, the highway, was so unusual and extraordinary as not to have been reasonably foreseeable by the Greyhound driver, and therefore it constituted a superseding cause relieving the Greyhound driver of

liability. Accordingly, the Greyhound Corporation and its driver are entitled to judgment notwithstanding the verdict.

We next consider the contention of the two plaintiffs, on their appeal, that the trial court erred in directing a verdict for the school board and its bus driver.

■ Apparently, the trial court was of the view that the school bus driver could not be considered negligent because there is no specific statute prohibiting a school bus from stopping anywhere on the highway. However, this view overlooks the fact that there is a general statute, KRS 189.290, requiring all motorists to operate their vehicles "in a careful manner, with regard for the safety and convenience of * * * other vehicles upon the highway," and there is a common law duty upon everyone to exercise ordinary care not to injure other people.

■ Here, the school bus stopped in the left traffic lane, completely blocking it, at a point where the right lane was partially obstructed by the Greyhound. It was raining and the road was slippery. The White car was plainly visible approaching from the rear (although the school bus driver says that he looked and did not see it). There was the graveled strip along the east edge of the highway upon which the school bus could easily have pulled off for the purpose of picking up the children. Under these circumstances we think reasonable minds very well could conclude that the school bus driver did not operate his bus in a careful manner with regard for the safety of other motorists. In fact, were it not for the fact that other motorists are not permitted to pass a stopped school bus, KRS 189.370, and the school bus driver therefore might possibly have been justified in assuming that any motorist approaching from the rear would have his vehicle under such control as to be able to stop regardless of whenever and wherever the school bus might stop; and were it not for the fact that when the school bus stopped, the White car was some 150 feet back, which ordinarily would have provided a safe stopping distance for the White car, we would be inclined to hold that the school bus driver was negligent as a matter of law. We do hold that the question of negligence of the school bus driver was for the jury.

■ Mrs. White, on her appeal, makes the further contention that her husband was negligent as a matter of law. The evidence was that he observed the school bus traveling ahead of him in the right lane, and recognized it as a school bus, when he was some 500 feet behind it. He was traveling around 50 miles per hour, and it appears that the school bus was going 25 miles per hour. When he got within about 300 feet of the school bus, it started to turn into the left lane, and he at first assumed it was going to make a left turn off the highway, so he continued in the right lane. He then saw the Greyhound bus for the first time, around 300 feet ahead of him. He then concluded that the school bus was going to pass the Greyhound, so he turned into the left lane to follow the school bus. He was about 150 feet behind the school bus when it came to a stop. He then applied his brakes, and according to his testimony he ordinarily would have been able to stop within a distance of 120 feet, but because of the wet pavement his car went into a skid, with the result that he struck both the school bus and the Greyhound.

In view of the fact that the school bus stopped in an unusual position on the highway, when there was some basis for White's belief that the school bus had entered the left lane simply for the purpose of passing the Greyhound, and in view of the further fact that the effect the wet pavement might have upon the control of White's car was an unknown quantity, we believe it cannot be held that White was negligent as a matter of law.

Since the errors of the trial court in directing a verdict in favor of the school board and its driver, and in not directing

a verdict in favor of the Greyhound Corporation and its driver, might well have influenced the jury's decision that White was not negligent, we feel that the ends of justice require that the issues of negligence of the school bus driver and of White, and the issue of damages, should be resubmitted upon a new trial.

We do not pass upon the question of excessiveness of the damages, raised on Greyhound's appeal.

On the appeal of the Greyhound Corporation and its driver the judgment is reversed, with directions to enter judgment in their favor notwithstanding the verdict. On the appeals of the plaintiffs the judgment also is reversed, with directions for a new trial in accordance with this opinion.

EBLEN, J., dissents from the holding that the Greyhound driver's negligence was not a proximate cause of the accident.