**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**ALL STATE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 28, 1984.

J.D. Raine, Sr., Louisville, for appellant.

James C. Hickey, Louisville, for appellee.

Before COOPER, DUNN and MILLER, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellant, plaintiff below, in a subrogation action by an insured's reparation obligor against a tortfeasor's insurer to recover work loss benefits paid to the insured. On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that the appellant could not recover the full amount of such payments paid to

the insured, given the fact that the insured received payments from a collateral source. Reviewing the record below, we reverse and remand.

The essential facts relative to this action are as follows: In June of 1979, Nellie Atkinson, a passenger in an automobile operated by Gloria George, was injured when the automobile in which she was riding was rear-ended by an automobile operated by Nathaniel Cunningham. Subsequent to an action being filed by Atkinson against Cunningham, an agreed order dismissing was entered settling that action. Thereafter, the appellant, Kentucky Farm Bureau Mutual Insurance Company, the insurer or reparation obligor for the George vehicle, filed an intervening complaint against the appellee, All State Insurance Company, to recover basic reparation benefits it had paid on Atkinson's behalf. A portion of the claim was for $3,666.00, which it paid to Atkinson for work loss she had sustained as a result of the accident and her subsequent injuries. The appellee contested this portion of the claim, alleging that the insured had not sustained a work loss in the amount set forth by the appellant, as she had recovered specific dollar amounts paid to her under a union contract during the time she was unable to work. Specifically, the appellee alleged that the amount of the insured's actual work loss was $1,597.56, rather than the $4,614.50 paid by the appellant.

Subsequent to the action being submitted to the trial court on joint motions for summary judgment, the trial court entered a partial judgment for the appellant with respect to its claim for work loss benefits. Specifically, it allowed recovery of $1,597.56 against the appellee representing the work loss actually sustained by the insured. It is from such judgment the appellant now appeals.

On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that the work loss sustained by the insured was that amount of loss actually sustained by her. Here, the trial court held that the ruling of the Court in *Rankin*

*v. Blue Grass Boys Ranch, Inc.,* Ky., 469 S.W.2d 767 (1971), was controlling notwithstanding the statutory provisions of the Kentucky Motor Vehicle Reparations Act. In effect, it held that the amount of work loss sustained by an insured is affected by any payments received from collateral sources. Reviewing the record below, we reverse the trial court's judgment.

The purpose underlying the Kentucky Motor Vehicle Reparations Act is, in the language of the Court in *Fann v. McGuffey,* Ky., 534 S.W.2d 770, 773 (1975), to provide for prompt payment to those individuals suffering injury in automobile accidents for any economic loss "consisting of medical expense, loss of work income, expense for assistance ...." Basic reparation benefits are to provide reimbursement for *net loss.* KRS 304.39-020(2). Under KRS 304.39-020(5)(b), "work loss" is defined as follows:

"Work loss" means loss of income from work the injured person would probably have performed if he had not been injured ... reduced by any income from substitute work actually performed by him....

Furthermore, subsection (10) of the statute defines net loss as follows:

(10) "Net loss" means loss less benefits or advantages, from sources other than basic and added reparation insurance, required to be substracted from loss in calculating net loss.

And, KRS 304.39-120—prior to its amendment in 1982—specified how net loss is to be calculated:

(1) All benefits or advantages a person receives or is entitled to receive because of the injury from social security and workers' compensation are subtracted in calculating net loss.

(2) If a benefit or advantage received to compensate for loss of income because of injury, whether from basic reparation benefits or from any source of benefits or advantages subtracted under subsection (1), is not taxable income, the income tax saving that is attributable to this loss of income because of injury is subtracted

in calculating net loss. Subtraction may not exceed fifteen percent (15%) of the loss of income and shall be in a lesser amount if the claimant furnishes to the insurer reasonable proof of a lower value of the income tax advantage.

Notwithstanding the policy underlying the Act, KRS 304.39–120, in specifying how net loss is to be calculated, allowed only social security payments and workers' compensation benefits to be subtracted from the benefits received. No other statutory exceptions were allowed. The language of the statute, as it expressed the intention of the legislature, is controlling herein. Consequently, the trial court's judgment must be reversed.

Furthermore, although the trial court relied on the language of the Court in *Rankin, supra,* the ruling of the Court in *Davidson v. Vogler,* Ky., 507 S.W.2d 160 (1974), is more apposite. There, the Court modified the ruling to the effect that payments to an injured employee pursuant to a policy of sick pay or vacation pay, shall not be considered in determining the employee's actual wage loss. Under both *Vogler* —decided prior to the enactment of the K.M.V.R.A.—and the language of the Act, the appellant is entitled to recover the full amount of the benefits paid to its insured.

The judgment below is reversed with directions that the trial court amend its judgment to allow the appellant to recover the full amount of the work loss benefits it paid to its insured, or $3,666.00.

All concur.