Estel E. HORN, Appellant,

v.

Eddie K. HANCOCK, Parr Trucking Service, Inc. and Edwin Marksberry, Appellees.

and

Eddie K. HANCOCK and Parr Trucking Service, Inc., Appellants,

v.

Maxine HORN and Edwin Marksberry, Appellees.

and

Maxine E. HORN, Cross-Appellant,

v.

Eddie HANCOCK, Parr Trucking Service, Inc. and Edwin Marksberry, Cross-Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1985.

Petitions for Rehearing Withdrawn Nov. 19, 1985.

Phillip G. Abshier, Bamberger & Abshier, Owensboro, for Horns.

Ronald M. Sullivan, Holbrook, Gary, Wible & Sullivan, Owensboro, for Hancock/Parr.

Robert Vic Bowers, Jr., Bennett, Bowman, Triplett & Vittitow, Owensboro, for Marksberry.

Before HOWARD, HOWERTON, and LESTER, JJ.

LESTER, Judge.

This is a personal injury case involving an automobile collision and resulting in a jury verdict of $279,670.75, in favor of Maxine Horn. Her husband, Estel Horn, appeals from the portion of the judgment which awarded him zero damages for loss of consortium and Maxine claims error in the trial court's refusal to instruct on punitive damages. Appellants Hancock and Parr Trucking Service appeal from the judgment against them claiming numerous trial errors and excessiveness of the award based on passion and prejudice.

On April 20, 1981, Eddie Hancock, an employee of Parr Trucking Service, Inc., was driving a tractor-trailer and transporting a heavy piece of equipment known as a Euclid rear dump across the Ohio River Bridge from Owensboro, Kentucky. The oversize load was being transported under permit issued by the State Department of Transportation but without the lead escort vehicle required by statute for loads of that size.

Edwin Marksberry was also crossing the bridge on the morning in question directly following the Parr-Hancock truck and trailer. During the trip across the bridge, Marksberry had crossed over the center line to see past the wide load and apparently was attempting to pass when Mrs. Horn approached from the opposite direction. Mrs. Horn was traveling in the southbound lane of traffic and apparently became startled upon seeing the wide load ahead as well as Marksberry's car in her lane of traffic. It appears from the testimony that she tried to brake or stay far to the right of the bridge, and struck the curb which bounced the car back into the wheel of the Euclid.

As a result of the collision, Mrs. Horn sustained injuries and was hospitalized for 51 days after the accident. In February of 1983, she had surgery to repair a ruptured disc which was also attributed to the wreck on the bridge. Following the initial hospital stay in 1981, she underwent therapy and had to progress from a walker to crutches before she could walk without assistance once again. She returned to work in October of 1981, but testified that she continues to suffer from pain and discomfort. At the close of all the evidence, a jury returned its verdict in favor of the Horns, awarding a substantial sum to Maxine for her damages, but awarding nothing to her husband for his loss of consortium claim.

On appeal, Mr. Horn argues that the trial court erred in overruling his motion for a new trial on the issue of damages. Appellant Horn contends that the verdict finding of zero on his claim for loss of consortium is inconsistent with that part of the verdict awarding damages to Mrs. Horn and finding for *both* he and his wife.

We are unable to find any cases in Kentucky dealing with the validity of a verdict awarding damages to an injured spouse but denying recovery to the spouse seeking collateral damages. However, both parties have directed the court to cases of other jurisdictions on this question. The authorities appear split on the issue of whether such a verdict is inconsistent or invalid and if so, whether it requires a new trial on all issues or only on damages as is being sought herein. While this panel recognizes some merit in the basic argument, we find it unnecessary for us to reach the exact question in light of *Stucker v. Bibble,* Ky., 442 S.W.2d 578 (1969).

■ In *Stucker*, the Court held that a verdict was inconsistent on its face where it provided for an award for medical expenses, yet denied any recovery for pain and suffering incident to the injury for which the medical expenses were incurred. [*See also Amer. States Ins. v. Audubon Country Club*, Ky., 650 S.W.2d 252 (1983)]. In spite of this error or inconsistency, the court concluded that the appellant had not preserved the claim for appellate review. As in the case at bar, the appellant therein did not call the matter to the court's attention upon the return of the verdict but raised it subsequently in a request for a new trial. The failure to take such action at a time when the trial judge yet has the jury available is a waiver of the claimed error. *Id.* at 579. After reviewing the record, we are of the opinion that the verdict was inconsistent on its face and we adhere to the general rule that in such situations, the issue must be raised at the time the verdict is returned or it is waived. 58 Am.Jur.2d, *New Trials* § 129.

Secondly, the Horns have both appealed from the trial court's refusal to give the jury an instruction authorizing an award of punitive damages against Hancock and/or Parr Trucking. However, at oral argument on this case, counsel for the Horns stated that they would not pursue this claim, if the jury verdict and judgment were affirmed, due to the desire on the part of the Horns to see an end to the litigation.

Because this panel believes there was reversible error at trial on a claim by Hancock-Parr, to be discussed herein, we are ordering a retrial of the case. Thus, we must address the question of punitive damages.

■ Mr. and Mrs. Horn contend that Hancock-Parr intentionally, willfully, or in wanton and reckless disregard, violated a state statute which required a lead vehicle to be in front of Parr's truck.

We are aware of the recent Supreme Court opinion in which punitive damages were upheld where there is "first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety or property of others." *Horton v. Union Light, Heat and Power*, Ky., 690 S.W.2d 382, 389 (1985). However, after carefully examining the *Horton* case and the record in the case at bar, we find the two are distinguishable.

We have said that punitive damages must bear some relationship to the injury and the cause thereof. *Hensley v. Paul Miller Ford, Inc.*, Ky., 508 S.W.2d 759 (1974). In this case, it is questionable whether there was sufficient "causal connection" between the accident and the defendant/appellant's failure to have a lead vehicle such as would justify a punitive damages instruction.

While the failure to comply with the statutory requirement of a lead vehicle was an intentional act, we believe this case is similar to *Keller v. Morehead*, Ky., 247 S.W.2d 218 (1952), wherein it was held that failure to follow the statute in regard to the width of a trailer on the state highways did not warrant an instruction on punitive damages.

Accordingly, absent some further evidence on retrial of reckless, wanton, or willful misconduct, we find no error in the trial judge's decision to not instruct on punitive damages.

We come now to the appeal of Parr Trucking Company and its employee, Eddie Hancock. These appellants allege numerous evidentiary trial errors which we shall address in the order in which they were briefed.

■ Hancock-Parr argues first that the trial judge erred in refusing to admit evidence of disability payments provided by Mrs. Horn's employer. Relying upon *Rankin v. Blue Grass Boys Ranch, Inc.*, Ky., 469 S.W.2d 767 (1971), appellants maintain that the jury should have been permitted to consider these payments in reduction of the plaintiff's lost wages. We disagree.

Subsequent to the *Rankin* case, the decision of *Davidson v. Vogler*, Ky., 507 S.W.2d 160 (1974), was rendered. In discussing payments for sick days and vacation pay, the *Davidson* court held:

> Where payment is made by the employer pursuant to such a contract, the cases are nearly unanimous that *the tort-feasor cannot deduct these payments from the total recovery* ... because the right to payment was earned as a part of the employee's compensation prior to the injury. (emphasis added)

We recognize, as appellant argues, that *Davidson* spoke specifically of sick pay or vacation pay. In the case at bar, Mrs. Horn received instead disability payments while out of work pursuant to a plan purchased by her employer. However, as counsel for Mrs. Horn notes, the disability program is a part of the employment contract between an employer and employee, just like sick pay or vacation pay. In addition, our determination that the court below did not err in excluding the payments from evidence is supported as well by the language of *Ky. Farm Bureau v. Allstate Ins. Co.*, Ky.App., 681 S.W.2d 919 (1984).

■ Secondly, Hancock-Parr maintains that the court erred in refusing to admit evidence of a second, subsequent wreck involving the plaintiff below, Mrs. Horn.

The evidence available was that on March 16, 1982, Horn totalled her 1981 Plymouth in an intersection collision. She would have testified that the basic damage to the vehicle was a carry over from the first accident and that she was not hurt or even seen by a physician after the accident. Hancock-Parr sought to infer to the jury that the fact that the ruptured disc was not discovered or operated on until February 1983 could indicate that the first accident was not the sole cause of that injury. We find some merit in this contention, particularly in light of the fact that her doctor's testimony was only to the effect that automobile accidents are a frequent cause of disc ruptures. Furthermore, Mrs. Horn did not even mention the second collision to her treating physician.

We agree with Hancock-Parr that a lack of relevancy could be the only basis upon which to sustain the trial judge's exclusion of this evidence. Relevant evidence is evidence which tends to establish or disprove an issue in litigation. *O'Bryan v. Massey-Ferguson, Inc.*, Ky., 413 S.W.2d 891 (1967). However, we also recognize that there is no precise test of relevancy, but that it is a determination which rests largely in the trial court's discretion. *Glens Falls Ins. Co. v. Ogden*, Ky., 310 S.W.2d 547 (1958).

The trial judge in the case at bar determined that there was no evidence that would tie in her condition or injuries with that second accident and accordingly felt that it was mere speculation and should be excluded. We respectfully disagree with the court below. Quoting from the first line in the chapter on relevancy in Lawson's *The Kentucky Evidence Law Handbook* § 2.00 (2d ed. 1976):

> In his classic work on the law of evidence, Wigmore stated that there is only one rule of evidence law—all evidence that is relevant is admissible.

In this case, we have carefully reviewed the record and we believe that the evidence of a second collision before the disc operation was relevant on the issues of damages and causation. Based on the treating physician's testimony, this evidence could have been admissible in the form of a hypothetical question and could also go to the issue of credibility of the plaintiff. The allegations that Mrs. Horn was not treated by a physician following the second collision or that the second accident was a "minor fender-bender," should also be presented to the jury but the jury must be the ultimate fact-finder.

Our Supreme Court recently held that evidence of similar product failures under similar conditions in a products liability action is both relevant and admissible. *Montgomery Elevator Co. v. McCullough*, Ky., 676 S.W.2d 776 (1984). In *Massie v. Salmon*, Ky., 277 S.W.2d 49 (1955), questions on cross-examination of the plaintiff regarding an earlier automobile accident in which she

was involved were found competent and relevant. In the case at bar, there was medical testimony giving significance to the subsequent collision in relation to Mrs. Horn's claimed injuries. *Payne v. Zapp*, Ky., 431 S.W.2d 890 (1968). Bearing in mind that the main theory of evidence is to admit information that has any probative worth unless there is some reason for exclusion, the evidence should have been admitted.

Next, appellants argue that Mrs. Horn was negligent as a matter of law for failure to keep a lookout or maintain her car under reasonable control. The parties presented conflicting descriptions of the bridge itself as well as the location of the vehicles on point of impact. We will not entertain a discussion of whether the bridge curved or not at a point where Mrs. Horn could have seen the approaching vehicles. We simply hold, after reviewing all the evidence, that the contributory negligence of the plaintiff, if any, was properly made a jury question in light of the conflicting accounts of the accident. *Banner Transfer Co. v. Morse*, Ky., 274 S.W.2d 380 (1954).

Summarily, regarding appellant's claims of errors in the instructions, we hold that there was no error in the giving of a sudden emergency instruction as to Mrs. Horn. We agree with the trial judge that the situation in which Mrs. Horn found herself was a sudden emergency which caused her to react in a manner which may not have been the best or wisest choice. *House v. Kellerman*, Ky., 519 S.W.2d 380 (1974). Likewise, as to the other alleged errors, we find they were harmless at best and merit no further discussion.

Finally, appellants assert that the verdict itself was excessive and returned under the influence of passion or prejudice. Both Hancock-Parr and Mrs. Horn refer this Court to *Davis v. Graviss*, Ky., 672 S.W.2d 928 (1984), which clarifies the appellate court's scope of review on a claim of excessiveness of the verdict. Upon our review of the record, we find there was evidence to support the award. The sole exception was in regard to the $63,000 award for future medical expenses when the evidence of future medicals was only $12,160. However, the trial judge, upon motion, reduced that award down to conform to the evidence. Hancock-Parr maintains that this remedy did not remove the taint of passion and prejudice and seeks a new trial. We disagree.

However, a new trial is warranted to correct the errors discussed herein, even though we do not find the verdict to be excessive. Hancock-Parr requests a new trial on all issues while both the Horns and Marksberry would have this Court order a limited retrial on specific issues only.

In view of the various issues raised on appeal and cross-appeal, we find that justice will be better served by a retrial on all issues. *Pedigo v. Carey*, Ky., 650 S.W.2d 256 (1983); *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980).

Accordingly, this case is reversed for a new trial on all issues in conformity with the views expressed herein.

All concur.