RENDERED: NOVEMBER 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1565-MR

LEONARD CRABTREE                                                    APPELLANT

v.          APPEAL FROM PULASKI CIRCUIT COURT
            HONORABLE JEFFREY T. BURDETTE, JUDGE
            ACTION NO. 18-CI-00053

CAREY BALDWIN, INDIVIDUALLY AND IN HIS
PROFESSIONAL CAPACITY AS A DEPUTY FOR
COFFEE COUNTY SHERIFF'S DEPARTMENT;
KEVIN J. WILLIAMS, INDIVIDUALLY AND IN
HIS PROFESSIONAL CAPACITY AS A TRUCK
DRIVER FOR WILLIAMS GRAIN AND STRAW,
LLC; AND WILLIAMS GRAIN AND STRAW, LLC          APPELLEES

OPINION
AFFIRMING IN PART,
REVERSING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Leonard Crabtree appeals from the order of the Pulaski Circuit

Court dismissing his claims, entered on November 2, 2020. After careful review

of the briefs, the record, and the law, we affirm in part, reverse in part, and remand this matter for further proceedings consistent with this Opinion.

## FACTS AND PROCEDURAL BACKGROUND

On January 20, 2017, Leonard Crabtree stopped at the intersection of Highway 90 and Old Highway 90, Loop 2. At that time, a tractor-trailer owned by Williams Grain and Straw, LLC, ("WGS") and operated by Kevin J. Williams was parked on the right shoulder of Highway 90, to the left of the stop sign. Although Crabtree could not see oncoming traffic from the left, due to the tractor-trailer, he proceeded into the intersection and was struck by a police cruiser operated by Officer Carey Baldwin. Williams left the scene of the accident with the tractor-trailer before being interviewed by an investigating officer. These events were witnessed by a local mechanic, Gary Hunter. Hunter relayed the company name and registration plate color and number displayed on the tractor-trailer to the investigating officer.

On January 17, 2018, Crabtree[1] sued Officer Baldwin, WGS,[2] and Williams.[3] Crabtree alleged Officer Baldwin operated his cruiser "in a very unsafe

---

[1] Crabtree's wife, Joyce, was initially a Plaintiff in the action but her claims were later dismissed by an agreed order entered on January 15, 2019.

[2] Williams Grain Farms, LLC, was a defendant in the original complaint but was not listed as a defendant in the amended complaint, entered on January 10, 2020.

[3] Williams was listed as "UNKNOWN DEFENDANT/DRIVER" in the original complaint but was named in the amended complaint.

and uncontrolled manner when he negligently and carelessly was travelling at an excessive amount of speed, failed to maintain proper control of his vehicle and failed to maintain a proper look-out when he slammed into the vehicle being owned and operated by" Crabtree. Crabtree alleged Williams was operating the tractor-trailer owned by, and with the permission of, WGS "in a very unsafe, negligent and careless manner when he stopped his tractor-trailer on the shoulder . . . severely restricting the view of motorists traveling onto Highway 90, including the view of . . . [Crabtree], which resulted in the collision described above."

After significant discovery, including written discovery and depositions, Officer Baldwin moved the trial court for summary judgment. Williams and WGS joined in Officer Baldwin's motion. After the matter was fully briefed, a hearing held, and a proposed order tendered, the trial court granted summary judgment in favor of Officer Baldwin, WGS, and Williams. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[4] 56.03. An

---

[4] Kentucky Rules of Civil Procedure.

appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

## ANALYSIS

On appeal, Crabtree asserts the trial court improperly granted summary judgment in favor of Officer Baldwin, because he was speeding, and improperly granted summary judgment to WSG and Williams, because their tractor-trailer was impermissibly parked on the shoulder of Highway 90. Statutes, such as the ones at issue here, "may create a duty subject to liability as negligence per se. A negligence per se claim is merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001) (internal quotation marks and footnotes omitted). Even so, the "violation must be a substantial factor in causing the injury and the violation must be one intended to prevent the specific type of occurrence before liability can attach." *Id.* A question concerning contributory

negligence ordinarily should be submitted to the jury. *Banner Transfer Co. v. Morse*, 274 S.W.2d 380, 382 (Ky. 1954) (citations omitted).

Concerning Crabtree's claims against Officer Baldwin, Hunter testified that it appeared Officer Baldwin was speeding. However, Hunter's testimony is speculative at best and will not prevent a grant of summary judgment in this instance. *See O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006). Furthermore, no evidence has been produced that Officer Baldwin could have avoided the collision even if he had been traveling at or below the speed limit. Accordingly, since Crabtree has not produced evidence that Officer Baldwin's actions were a substantial factor in causing this accident, summary judgment was properly granted dismissing Crabtree's claims against Officer Baldwin. *See Lewis*, 56 S.W.3d at 437.

Crabtree next argues Williams' tractor-trailer was parked on the shoulder of the highway in contravention of KRS[5] 189.450(3) which, in pertinent part, provides, "No vehicle shall be . . . allowed to stand on the shoulders of any state-maintained highway, except that, in the case of emergency . . . vehicles shall be permitted to stop on the shoulders to the right of the traveled way . . . ." It is well-established the purpose of this statute is "to prevent the highway from being obstructed by stationary vehicles. One leaving a vehicle standing on the highway

---

[5] Kentucky Revised Statutes.

has the burden of showing that he comes within one of the exceptions enumerated in the statute." *Morse*, 274 S.W.2d at 381 (citations omitted). Further, "a disabled vehicle **must** be removed from the highway unless it is impracticable to do so." *Id*. (emphasis added).

Although Williams was not deposed, he claimed in written discovery answers that he "stopped because he heard unusual noises coming from the engine of the tractor-trailer and feared engine trouble." Even so, neither WSG nor Williams has asserted the tractor-trailer was disabled to the point it could not have been driven at all or parked in the nearby Dollar General lot or other location so as not to obstruct the view of other motorists, including Crabtree, of the highway from the stop sign. Certainly, the fact Williams drove the rig from the scene before law enforcement could arrive is indicative it was *not* completely disabled. Moreover, Williams did not assert that he popped the hood of the tractor-trailer to examine the engine or placed or activated the required emergency equipment. Hunter testified he did not see Williams take any of these actions either. Further, Hunter testified he saw Williams exit the Dollar General store, approach Crabtree to ask if he was alright, go straight to the tractor-trailer, start the ignition, and drive off.

Consequently, whether Williams was negligent in allowing the tractor-trailer to enter and/or remain on the shoulder of Highway 90 prior to this

-6-

accident is a question of fact to be determined by the fact-finder. *Id*. at 381-82.

Since reasonable minds could differ as to whether the tractor-trailer being parked

on the shoulder of Highway 90 was a substantial factor in causing this accident,

granting summary judgment on this issue was improper and must be reversed.

*Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 92 (Ky. 2003).

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Pulaski

Circuit Court is AFFIRMED in part, REVERSED in part, and this matter is

REMANDED for further proceedings consistent with this Opinion.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE CAREY BALDWIN: |
|---|---|
| Jarrod Bentley Prestonsburg, Kentucky | Casey C. Stansbury Curtis M. Graham Lexington, Kentucky |
| | BRIEF FOR APPELLEES KEVIN J. WILLIAMS AND WILLIAMS GRAIN AND STRAW, LLC: |
| | Bradford L. Breeding Megan E. H. Jordan London, Kentucky |