Clementine KIRK, Admrx., etc., et al., Appellants,

v.

**UNITED FUEL GAS COMPANY et al.,** Appellees.

Court of Appeals of Kentucky.

Feb. 13, 1970.

R. Coleman Endicott, O'Shaugnessy & Endicott, Lexington, for appellants.

E. D. Gerwig, Herbert W. Bryan, Charleston, W. Va., J. K. Wells, Paintsville, for appellee United Fuel Gas Co.

W. R. McCoy, Inez, for appellees.

REED, Judge.

The plaintiffs-appellants sued the defendants-appellees and claimed ownership of the mineral rights upon which a certain gas well was allegedly located. The defendants contended that they had title to the mineral rights and that in any event the plaintiffs were not entitled to relief. The trial court granted summary judgment in favor of the defendants. The plaintiffs appeal. We reverse.

The plaintiffs' claim is based upon a conveyance in fee simple of a particularly described tract of land evidenced by a conveyance to one of their predecessors in title by W. A. Cassell. This conveyance was in 1932. The defendants claim title by reason of a prior conveyance by W. A. Cassell to one of their predecessors in title in 1917 of the mineral rights only under a 140-acre tract of land.

Evidentiary material considered by the trial court upon the motion for summary judgment consisted of copies of various deeds in the defendants' chain of title, copies of deeds in the plaintiffs' claim of title, and the affidavit of a surveyor and the affidavit of plaintiffs' attorney. In support of the summary judgment, the defendants argue that this evidentiary material demonstrated beyond doubt that the only tract of land plaintiffs claimed to own in their complaint is part of the larger tract under which the defendants own the mineral rights. Defendants, therefore, insist that although there is some issue concerning the location of the gas well in question in relation to boundary lines recited in the various deeds, this is not material. Defendants point out that if the well is located off the tract described in the complaint the plaintiffs have no claim whatever; if, on the other hand, the well is located on the tract described in the complaint, the plaintiffs still cannot recover because one of their predecessors in title severed the mineral rights and conveyed them to the defendants' predecessors in title.

The plaintiffs insist that the summary judgment was erroneously granted because the evidentiary material demonstrated a material issue of fact concerning whether the 30-acre tract conveyed to them in 1932 was a part of the 140-acre tract from the same common grantor and from which the mineral rights only were conveyed off in 1917. The plaintiffs concede the effect of the rule vesting superior title in the earlier conveyance of a common grantor. Nevertheless, they contend that this rule is effective only if the same property is involved in the conveyance in question.

We have examined the record and have concluded that the evidentiary material upon which the trial court based its judgment was insufficient to permit a declaration prior to a trial of the case that the plaintiffs could not in any event prevail. This evidentiary material itself, and also when considered in connection with the evidence of the surveyor, illustrates sufficient doubt that the 1932 30-acre tract conveyance is part of the same property included in the 140-acre tract mineral conveyance which is the basis of the defendants' title.

If defendants' contentions are sustained by the evidence upon a trial of the case, they should prevail. If the plaintiffs demonstrate on a trial that the 30-acre tract conveyed in 1932 to their predecessor in title is separate and distinct land and not included as a part of the property included in the 1917 140-acre tract mineral rights conveyance and the well is located on this 30-acre tract, then they should prevail. Although defendants contend that the evidentiary material submitted clearly demonstrates the correctness of their position beyond dispute, when one examines the deeds relied upon, the various descriptions

in those deeds, and then considers the affidavit of the surveyor, the issues are left in sufficient doubt that the plaintiffs must be afforded an opportunity to litigate the pertinent issues by a trial. Any doubt must be resolved against the movant for summary judgment.

The judgment is reversed for further proceedings consistent herewith.

All concur.