Edward F. Rectenwald, Louisville, for movant.

Robert G. Breetz, Louisville, for respondent.

CLAYTON, Justice.

Lorraine Schreiner appeals from an order of the Jefferson Circuit Court granting respondent's motion for summary judgment and dismissing her complaint. The Court of Appeals affirmed the trial court's order. The only issue presented by Mrs. Schreiner's appeal concerns the propriety of the trial judge's decision to grant summary judgment in this negligence action.

On February 3, 1978, Mrs. Schreiner, then 67 years of age, arrived at a medical office building owned and operated by respondent for an appointment with her eye doctor. Mrs. Schreiner's husband let her out of the car in front of the building while he parked the car. Because there was snow on the ground, Mrs. Schreiner walked along the street where passing cars had melted the snow until she came to a walkway leading to the building entrance. Snow had been removed from the walkway, and the path to the building looked "perfectly clear" to Mrs. Schreiner. However, just as Mrs. Schreiner stepped onto the cleared sidewalk, her foot slid on a transparent layer of ice causing her to fall and to fracture her hip.

Mrs. Schreiner filed suit against respondent alleging negligent failure to maintain the premises properly and to warn of the ice hazard. After depositions were taken and interrogatories exchanged, both parties moved for summary judgment. The trial court entered summary judgment against Mrs. Schreiner, finding as a matter of law that respondent was not negligent and that Mrs. Schreiner was contributorily negligent.

There is a conflict in the evidence on whether respondent knew of the clear layer

**Lorraine SCHREINER, Movant,**

v.

**HUMANA, INC., d/b/a Suburban Medical Plaza, Respondent.**

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 12, 1982.

of ice before Mrs. Schreiner fell. There is also a dispute in the evidence concerning respondent's use of sand, cinders, and sawdust to improve traction on the sidewalks leading to the building. For purposes of a summary judgment, these facts must be construed most favorably for Mrs. Schreiner. *Kirk v. United Fuel Gas Co.*, Ky., 450 S.W.2d 504 (1970). Therefore, on this appeal we must assume that respondent had notice of the glaze of ice on that particular day before Mrs. Schreiner fell, and that respondent neglected to sprinkle particles on the sidewalk as was customary.

The respondent correctly recites the rule dealing with liability of landowners for accidents occurring outdoors as a result of exposed natural conditions. The rule, as stated in *Standard Oil Co. v. Manis*, Ky., 433 S.W.2d 856 (1968), is that natural outdoor hazards do not create unreasonable risks when the hazards are as obvious to the invitee as they are to the landowner. We must disagree, however, with respondent's assertion that Mrs. Schreiner's knowledge of the icy conditions was in parity with its own. Mrs. Schreiner stated in her deposition that she could see nothing on the walkway posing a hazard before she stepped on the ice. At the same time, there is evidence in the record indicating that respondent's maintenance department had been notified of the dangerous condition by an employee before Mrs. Schreiner fell. The evidence also indicates that no warnings were posted and no attempts were made by respondent to reduce the hazard.

We disagree with the Court of Appeals' conclusion that these factual disputes were not material. We have never held that all natural conditions outdoors are equally apparent to landowners and invitees. On the contrary, whether a natural hazard like ice or snow is obvious depends upon the unique facts of each case. Thus, construing the facts most favorably for Mrs. Schreiner, we find a genuine issue exists as to whether respondent knew of a dangerous condition which was not obvious to Mrs. Schreiner.

In granting respondent's motion for summary judgment, the trial judge ruled not only that as a matter of law respondent was not negligent, but that Mrs. Schreiner was contributorily negligent. The trial judge concluded that ice is an obvious hazard which Mrs. Schreiner knowingly undertook. This conclusion incorrectly assumes that one who falls on ice is not exercising due care in all cases. More importantly, it ignores Mrs. Schreiner's testimony that the ice was not visible and the walkway appeared clear. We think there are sufficient factual issues to preclude a finding of contributory negligence.

We are not speculating on the ultimate question of liability in this case. We have confined ourselves only to the issue presented and hold that summary judgment for respondent was erroneous.

The judgment is reversed for further proceedings consistent with this opinion.

All concur except STEPHENS, J., who dissents.