Ann **FERGUSON**, Appellant,

v.

**J. BACON & SONS** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1966.

E. P. Sawyer, Louisville, for appellant.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellees.

WILLIAMS, Judge.

Appellant Ann Ferguson fell and injured herself in a parking lot owned and operated by Bacon-Shively Shopping Center, Inc., one of the appellees. She was employed in a dress shop located at the Shopping Center and was on her way to work at the time of her injury. There had been patches of ice and snow for some time on the parking lot, and on the morning in question a light snow had fallen. She fell when she stepped on a patch of ice which was covered with snow.

Appellees moved for a directed verdict following the opening statement by appellant's counsel. The Jefferson Circuit Court sustained the motion and this appeal results.

Appellant alleges that this case differs from the usual store-customer case in that it is a landlord-tenant type of case. She fails to make any further distinction, and we are of the opinion that in either case the individual using the property is an invitee.

It is generally held that a store owner is not liable to a customer who slips because of water, mud, et cetera, which is outside the store building if the area is properly constructed and not inherently dangerous. Curtis v. Traders National Bank, 314 Ky. 765, 237 S.W.2d 76; Fisher v. Hardesty, Ky., 252 S.W.2d 877; Weathers v. Morris' Estate, Ky., 397 S.W.2d 770. The same reasoning would necessarily follow in a situation which involves a parking lot. The Supreme Court of Ohio has stated it well in Levine v. Hart Motors, Inc., Ohio App., 143 N.E.2d 602 (1955):

"* * * In cases where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes, the dangers that are created by the elements, such as forming of ice and the falling of snow, are universally known and unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom."

There was no showing in this case that the parking lot was not properly constructed, nor was it shown there was any special contract concerning its use. Appellant knew that the ice and snow were on the parking lot just as did the appellee. In fact she was being cautious in her trek across the parking lot and was apparently injured because the snow hid the patch of ice from her view.

The doctrine of res ipsa loquitur does not offer appellant any relief because the circumstances do not create a clear inference that the accident would not have happened if the appellee had not been negligent. It is apparent the appellee was not guilty of any negligence.

The judgment is affirmed.