STANDARD OIL COMPANY, a Kentucky Corporation, Appellant,

v.

William B. MANIS, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

Rehearing Denied Dec. 13, 1968.

Harry M. Caudill, Emmett G. Fields, Whitesburg, for appellant.

Charles S. Sinnette, Ashland, Ronald G. Polly, Combs & Polly, Whitesburg, for appellee.

CLAY, Commissioner.

Appellee recovered a $30,000 judgment for injuries sustained when he slipped and fell on appellant's premises. On appeal the latter asserts it was entitled to a directed verdict, or in the alternative, a new trial.

Appellee was a truck driver. About 11:00 o'clock one morning he brought a truck-load of gasoline to appellant's bulk plant in Letcher County. It was a cold day in February, and there were snow and ice on the ground. According to customary practice in unloading his cargo, appellee was on his way to the pump house to throw a switch. This required him to traverse a wooden walkway, built of oak planks, over appellant's pipes. The level part of the walkway was five feet in length. At the end of it were two steps up to a small wooden platform (30 inches square), two feet above ground level, which bridged some higher pipes.

Appellee intended to cross the platform, go down the steps on the other side, and enter the pump house. After traversing the level walkway, as he stepped up onto the small platform he slipped and fell, seriously injuring his back. After he had fallen he ascertained the platform "was nothing but a glare of ice".

There was evidence one of appellant's employees had cleaned the snow and ice from this structure earlier in the morning and it was appellant's custom to maintain it in a condition free of such elements. Appellee testified he had never on previous occasions when unloading at this plant seen any ice in this area. However, he testified that on the day of the accident "there was snow and ice on the ground and all around the place * * *". When asked about the condition of the walkway, he stated:

"It was wet from where the sun had shined on it. The sun had just enough power to melt the ice that was on that, and from the looks of that there where the three boards were (the platform), it looked like it was fairly safe."

No contention is made that there was a structural defect. It is the position of appellant that appellee failed to prove actionable negligence, and we agree.

We will assume appellee was an invitee. The generally accepted principle here applicable is thus stated in 38 Am.Jur., Negligence, section 96 (page 754):

"The rule is that an owner or occupant of lands or buildings, who directly or impliedly invites others to enter for some purpose of interest or advantage to him, owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them."

█ A further refinement of the principle appears in 65 C.J.S. Negligence § 63 (53), page 757:

"The duty to keep premises safe for invitees applies only to defects which are in the nature of hidden dangers, and the invitee assumes all normal or obvious risks attendant on the use of the premises."

█ As in any negligence case, an essential element or standard of diligence is the foreseeability of the likelihood of injury

to another. 65 C.J.S. Negligence § 5(4), page 512; Union Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539, 87 A.L.R.2d 264. Falling cases are myriad, but in a great many of them the accident has taken place *indoors* and resulted from *artificial* conditions. In the light of the principles above set forth, events occurring *outdoors* as the result of *exposed natural conditions* present a somewhat different problem. This is illustrated by the following three cases.

In Leslie Four Coal Co. v. Simpson, Ky., 333 S.W.2d 498, 84 A.L.R.2d 728, the plaintiff was injured during an auger mining operation when there was an earth slide from a "highwall". It was held the plaintiff was as cognizant of the danger which caused his injury as was the defendant, and therefore the defendant owed no duty to give a special warning of the natural hazardous condition.

In Fisher v. Hardesty, Ky., 252 S.W.2d 877, when the temperature was below freezing, a customer observed a porter mopping the floor of a vestibule leading into a drug store. She went inside, and a few minutes later as she left she slipped and fell on a thin sheet of ice there. While the opinion concludes the plaintiff was contributorily negligent as a matter of law, it was therein pointed out that the defendant was not liable because he did not have superior knowledge of the existence of the hazardous condition. (In substance, this opinion stands for the proposition that a person charged with negligence is not bound to foresee the negligence of another.)

In Ferguson v. J. Bacon & Sons, Ky., 406 S.W.2d 851, the plaintiff fell when she stepped on a patch of ice covered with snow in defendant's parking lot. In holding that the plaintiff had failed to prove negligence, it was said (page 852):

"It is generally held that a store owner is not liable to a customer who slips because of water, mud, et cetera, which is outside the store building if the area is properly constructed and not inherently dangerous. (Citing cases.)"

The opinion also quotes with approval from an Ohio case the following language (page 852):

"* * * In cases where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes, the dangers that are created by the elements, such as forming of ice and the falling of snow, are universally known and unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom."

■ In substance the foregoing three cases establish the rule that *natural outdoor hazards* which are as obvious to an invitee as to the owner of the premises do not constitute *unreasonable* risks to the former which the landowner has a duty to remove or warn against.

Appellee relies upon City of Madisonville v. Poole, Ky., 249 S.W.2d 133. There the plaintiff slipped and fell on ice on a porch of a clubhouse as she was about to enter a door. It was held to be a jury question whether the defendant should have known of the unsafe condition and remedied it. There was a strong dissent in that case, but assuming the soundness of the decision, it is clearly distinguishable. Since this was a covered porch, the defendant could perhaps foresee that the plaintiff would assume the doorway was free of ice. A more significant distinguishing feature, however, is the fact that the accident occurred at night and the porch was not lighted. The hazard therefore was not obvious to the invitee.

Appellee also relies on Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598. There the plaintiff slipped on a tile floor in a butcher shop upon which slush, tracked in from outside, had accumulated. This is another of those cases where there is an indoor unnatural hazard. As a matter of fact, the opinion points out that the case is distinguishable from those where a person slips on ice or slush on *outside* steps or

entranceways. Of course that is the very distinction which puts the case before us in a different category.

 As we have heretofore noted, the hazard faced by appellee was created by natural elements. It was outside, and exposed in broad daylight. Appellee was thoroughly familiar with the structure. He was fully aware of the accumulation of ice and snow in the area. He saw that the level part of the walkway was wet, indicating that melting ice had been there. That there might be on the platform unmelted ice, or refreezing water, was a distinct possibility. Under these circumstances we are of the opinion defendant could not have reasonably foreseen that appellee would proceed without exercising commensurate caution.

There was no duty on appellant to stay the elements or make this walkway absolutely safe. Nor was there a duty to warn appellee that the obvious natural conditions may have created a risk. If a "glare of ice" existed on the platform, whatever hazard it constituted was as apparent to appellee as it was to appellant. We are unable to find a breach of duty by the latter. See Nance v. Ames Plaza, Inc., 177 Neb. 88, 128 N.W.2d 564.

Appellee suggests appellant could have been negligent in failing to furnish handrails on the platform. In view of the smallness of this area and its height of only two feet, we do not believe the law imposed on appellant the duty to erect such a structure (which here would have constituted more of an obstruction than a safeguard). See Larson v. Papst, 205 Or. 126, 286 P.2d 123; Fowler v. Terminal R. Ass'n of St. Louis, Mo.App., 372 S.W.2d 497; Reuter v. Iowa Trust & Sav. Bank, 244 Iowa 939, 57 N.W.2d 225. It may be further observed that the absence of handrails was not the cause of this accident and it is pure speculation that their presence would have prevented the injury.

We have concluded that plaintiff failed to prove a case of actionable negli-gence against appellant and its motion for a directed verdict should have been sustained. This not having been done, it was entitled to a judgment notwithstanding the verdict in accordance with its motion therefor.

The judgment is reversed with directions to enter judgment for the defendant.

All concur.