Dorothy **ASHCRAFT**, Appellant,

v.

**PEOPLES LIBERTY BANK & TRUST CO., INC. and Allright Parking, Inc., Appellees.**

Court of Appeals of Kentucky.

Dec. 31, 1986.

As Modified Jan. 16, 1987.

Discretionary Review Denied
by Supreme Court
March 3, 1987.

Steven C. Martin, Covington, for appellant.

Rodney Bryson, Ware, Bryson, West & Bartlett, Covington, for appellee/Bank.

James T. Whittle, Jr., Kurt A. Phillips, Spalding & Philipps, Covington, for appellee/Allright.

Before DYCHE, MILLER and REYNOLDS, JJ.

DYCHE, Judge.

A heavy snow fell in the Northern Kentucky area on February 12, 1985. Three days later, Dorothy Ashcraft went to Peoples Liberty Bank & Trust Co. (hereinafter "bank") to transact some business. She parked her car in the parking lot owned by the bank and operated by Allright Parking, Inc. (hereinafter "Allright"). Although her visit to the bank was in the daylight hours, making it clearly visible that neither the bank nor Allright had made any attempt to clear the lot of snow and ice, Mrs. Ashcraft proceeded from her car to the bank.

While crossing the lot, she slipped on the ice and snow, fell and broke her hip. She filed suit in the Kenton Circuit Court alleging negligence by the bank and Allright in failing to clear the parking lot of ice and snow. On April 25, 1986, the court granted both defendants summary judgments against Ms. Ashcraft, dismissing her complaint.

She now appeals, claiming that a new standard of negligence regarding slip-and-fall cases should apply, pursuant to *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), and that *Standard Oil Co. v. Manis*, Ky., 433 S.W.2d 856 (1968) no longer is the law in this type case. We do not agree, and affirm the judgment of the Kenton Circuit Court.

The law of negligence, both before and since *Hilen, supra*, deals with duties and the breach thereof. If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence. Such is the case here.

According to *Standard Oil, supra*, natural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landowner has a duty to remove or warn against.

The undisputed testimony in this case shows that the hazard faced by appellant was created by natural elements; it was outside, exposed in broad daylight; it was obvious to appellant that it was "slick all over."

Under these circumstances, we are of the opinion defendant could not have reasonably foreseen that [appellant] would proceed without exercising commensurate caution.

There was no duty on [appellees] to stay the elements or make this walkway absolately [sic] safe. Nor was there a duty to warn [appellant] that the obvious natural conditions may have created a risk.

*Standard Oil Co., supra*, at 859.

The judgment of the Kenton Circuit Court is affirmed.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

REYNOLDS, J., concurs.

MILLER, J., concurs by separate opinion.

MILLER, Judge, concurring.

Bound by the decision in *Standard Oil Co. v. Manis*, Ky., 433 S.W.2d 856 (1968), I concur. I am, however, of the opinion that *Manis* should be revisited and clarified. *Manis* is generally interpreted as holding that a commercial owner owes no duty to a business invitee for injuries sustained as a result of a natural accumulation of snow and ice on outside premises. I do not believe the rule is so broad.

In my judgment, there are situations where a natural accumulation may require warning. Modern shopping centers, with near-constant attendance, well-lighted spaces and well-drained parking areas,

have encouraged the consuming public to walk with casual regard for its footing. Incident to significant snowfall, it is common practice for outside parking lots to be cleared and treated with assorted substances. A parking area which falls short of neighboring standards may result in a submissible issue of negligence.