**CORBIN MOTOR LODGE, Movant,**

v.

**George F. COMBS and Rebecca Combs, Respondents.**

**No. 87–SC–182–DG.**

Supreme Court of Kentucky.

Nov. 25, 1987.

F. Preston Farmer, Pamela J. Adams, F. Preston Farmer Law Offices, London, for movant.

E. André Busald, Florence, Otto F. Putnick, Cincinnati, Ohio, for respondents.

VANCE, Justice.

George Combs allegedly was injured when he slipped and fell on an icy sidewalk as he was leaving the restaurant operated by the movant, Corbin Motor Lodge. The incident occurred about 7:30 p.m. on December 27, 1983. In Combs' words the weather was terrible, so bad in fact that Interstate Highway No. 75 near the restaurant had been closed to traffic. He had walked upon the sidewalk on entering the restaurant and knew that it was extremely slick.

Summary judgment was entered for movant relying upon *Standard Oil Company v. Manis*, Ky., 433 S.W.2d 856 (1968), which held that natural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute an unreasonable risk to the former which the landlord has a duty to remove or warn against.

The Court of Appeals reversed the judgment and remanded for further proceedings. We granted discretionary review and now reverse the decision of the Court of Appeals.

Without question the rule enunciated in *Standard Oil Company v. Manis, supra*, if it is still valid, absolves the movant from liability in this case. The respondents contend, however, that *Standard Oil Company v. Manis, supra*, is no longer valid in view of our recent holding in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984). *Hilen v. Hays*, held that contributory negligence is no longer an absolute bar to a recovery in negligence actions.

Respondents state that *Standard Oil Company v. Manis, supra*, is predicated upon the assumption of risk of injury by one who walks upon premises covered by natural hazards such as ice and snow. They further contend that in the negligence context we abolished the defense of assumption of risk in *Parker v. Redden*, Ky., 421 S.W.2d 586 (1967), which held in essence that in negligence cases the defense of assumption of risk is essentially the same defense as contributory negligence.

*Standard Oil Company v. Manis, supra*, involved a slip and fall upon an icy sidewalk, as does this case, and it could be argued that the user of the premises was contributorily negligent and that his claim

could have been barred under the law as it existed at that time. The decision, however, did not turn upon a bar of contributory negligence, which in itself implies negligence upon the part of the defendant, but rather upon the fact that the defendant itself was not negligent.

The *Standard Oil Company v. Manis* decision was based upon the ground that the risk was as obvious to the person injured as to the owner of the premises and that it occurred outdoors as a result of natural hazards.

"(In substance this opinion stands for the proposition that a person charged with negligence is not bound to foresee the negligence of another.)"

*Standard Oil Company v. Manis, supra* at 858.

"In substance the foregoing three cases established the rule that *natural outdoor hazards* which are as obvious to an invitee as to the owner of the premises do not constitute *unreasonable* risk to the former which the landlord has a duty to remove or warn against."

*Standard Oil Company v. Manis, supra* at 858.

"As we have heretofore noted, the hazard faced by appellee was created by natural elements. It was outside, and exposed in broad daylight. Appellee was thoroughly familiar with the structure. He was fully aware of the accumulation of ice and snow in the area. He saw that the level part of the walkway was wet, indicating that melting ice had been there. That there might be on the platform unmelted ice, or refreezing water, was a distinct possibility. Under the circumstances we are of the opinion defendant could not have reasonably foreseen that appellee would proceed without exercising commensurate caution.

"There was no duty on appellant to stay the elements or make this walkway absolately (sic) safe. Nor was there a duty to warn appellee that the obvious natural conditions may have created a risk. If a 'glare of ice' existed on the platform, whatever hazard it constituted was as apparent to appellee as it was to appellant. We are unable to find a breach of duty by the latter. See *Nance v. Ames Plaza, Inc.*, 177 Neb. 88, 128 N.W.2d 564."

*Standard Oil Company v. Manis, supra* at 859.

The holding in *Standard Oil Company v. Manis, supra*, denied liability not because of the contributory negligence of the plaintiff therein but because there was no duty owed by the defendant to the plaintiff, and consequently there was no negligence on the part of the defendant. Obviously, the court in *Manis, supra*, considered injuries occurring outdoors as a result of natural conditions, such as ice and snow, to be in a special category and promulgated a rule of law applicable to those situations. Within the last six months we have denied discretionary review in a similar case relying upon *Standard Oil Company v. Manis, supra*. *Ashcraft v. People's Liberty Bank and Trust Company, Inc.*, Ky.App., 724 S.W.2d 228 (1987).

■ There are persuasive considerations which favor the rule enunciated in *Standard Oil Company v. Manis, supra*. There are also some reasonable arguments for a different ruling. We do not think the law in this area, as it exists today, reaches an absurd result or that a change in the present law is compelled in order to avoid grave injustices. Unless the need to change the law is compelling, the majority of this court is of the opinion that stability in the law is of sufficient importance to require that we not overturn established precedent which itself is based upon a reasonable premise.

■ Respondents contend that summary judgment was not proper because a genuine issue of fact is presented as to whether the hazard was open and obvious. The deposition of respondent George Combs contained his testimony that the weather was terrible, that the interstate highway was forced to close, and that just prior to the fall he had traversed the sidewalk in question and knew that it was slick. We do not believe there is a genuine issue as to whether the risk was open and obvious.

The decision of the Court of Appeals is reversed with direction that the judgment of the trial court be reinstated.

STEPHENS, C.J., and GANT, STEPHENSON and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents by separate opinion in which LEIBSON, J., joins.

LAMBERT, Justice, dissenting.

At the time George Combs was injured, the Corbin Motor Lodge restaurant was open and doing a thriving business. As I–75 was closed due to inclement weather, the restaurant was a natural refuge for travelers. In fact, when Combs entered, the restaurant was so crowded he could not get a seat. As he was leaving, Combs slipped and fell on an icy sidewalk in front of the restaurant.

In reliance on *Standard Oil Company v. Manis*, Ky., 433 S.W.2d 856 (1968), the majority has again held that the owner of business premises has no duty to attempt removal of accumulated ice and snow and no duty to warn business patrons of the danger. In so doing, we perpetuate a rule of law which has outlived its usefulness.

Since our decision in *Standard Oil* and the authority upon which it is premised, this nation had witnessed a proliferation of modern shopping centers, malls, restaurants, motor hotels, convenience stores, and service stations. Such establishments are frequently found near or easily accessible to interchanges on interstate highways. They provide the public with goods and services in a convenient, appealing, and presumably safe environment. Ordinarily, parking lots and sidewalks are well-lighted, equipped with drainage facilities, cleared of debris, and have traffic control signals. Convenience and safety have become principal factors in business competition and the public has developed a reliance on same. In such a business environment, and in view of expectations business has promoted, it defies logic to absolve the owner of the premises of any duty to attempt snow and ice removal or warn patrons of the hazard. See *Ashcraft v. Peo-*

*ple's Liberty Bank and Trust*, Ky.App., 724 S.W.2d 228 (1987), Miller, J., concurring.

The law should require all persons to exercise ordinary care for the safety of all other persons who might forseeably be injured by their acts or omissions. This rule has been widely applied in our law and expressly adopted in a number of our decisions. *Grayson Fraternal Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987); *Gas Service Company v. City of London*, Ky., 687 S.W.2d 144, 148 (1985); *M & T Chemicals, Inc. v. Westrick*, Ky., 525 S.W.2d 740 (1974); *Greyhound Corp. v. White*, Ky., 323 S.W.2d 578 (1959). In this case, however, the majority has made an exception and held that the landowner owes no duty. Thus, any further inquiry is foreclosed. If the "duty" barrier were removed, the trier of fact would be free to consider the issues which should govern liability, i.e. whether the defendant was negligent and if so, whether his negligence was a substantial factor in causing the injuries and damages. There can be no justification for automatically shielding a party from liability because of status without any inquiry into the care exercised by him.

In this case, Corbin Motor Lodge was a modern motel and restaurant located at an interchange on an interstate highway. On the occasion of Combs' injury, the public was invited to enter and the restaurant was full of patrons in spite of, if not because of, the bad weather. Considering the availability of snow and ice removal equipment and the reasonable expectations of patrons entering the business premises, it is not unreasonable to require such a business establishment to exercise ordinary care for the safety of patrons on a sidewalk in front of the building. To hold that because the hazard was as obvious to Combs as it was to the restaurant management is not a sufficient reason to deny Combs an opportunity to prove negligence. The management had at its disposal the means to remedy or warn against the hazard. Combs did not. In 4 S. Speiser, C. Krause, and A. Gans, *The American Law of Torts*,

§ 14:60, p. 53 (1987), this issue is discussed as follows:

> The rule that the obviousness of the danger relieves the owner of premises from liability is no longer universally accepted. In accordance with the rule of the Restatement of Torts that a possessor of land is subject to liability to invitees which is caused by a condition on this land, if he should realize that the condition involves an unreasonable risk of harm to the invitees and should expect that they will not discover or realize the danger, it has been held that a cause of action can be maintained by an invitee for injuries resulting from a slip and fall occasioned by natural accumulations of ice and snow,—even though the condition was well known to the plaintiff. It has been held that well-known climatic conditions do not negate the possibility that the possessor of the premises should have anticipated harm to the business invitee, despite the latter's personal knowledge of the dangerous snow and ice conditions or the general obviousness of such conditions.

In his discovery deposition, Combs forthrightly testified that the weather was "terrible" and that "it was slick all over. Everybody was walking carefully." Based on this testimony, the case was disposed of by summary judgment. As such, there was not a full development of the facts. We do now know, for instance, what the temperature was, and what effort was made to remove snow and ice from the premises. Likewise, we do not know whether snow was falling at the time of Combs' injury, whether it had just fallen, or whether snow and ice had been permitted to remain on the sidewalk for some extended period of time. These and other factors would be probative of the extent of liability, if any, Corbin Motor Lodge should incur. *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984). Nevertheless, since the majority has held that Corbin Motor Lodge had no duty under these circumstances, a jury will never be permitted to hear all the evidence and decide the issues.

The majority acknowledges that in certain circumstances a need to change the law may be "compelling," but otherwise states that "stability in the law is of sufficient importance to require that we not overturn established precedent which itself is based upon a reasonable premise." I believe the rationale which formerly existed to justify the rule in *Standard Oil* has ceased to exist and that we should bring the law of Kentucky in touch with modern reality.

Accordingly, I dissent.

LEIBSON, J., joins in this dissent.