**PNC BANK, KENTUCKY, INC., Appellant,**

v.

**Grace GREEN, Appellee.**

**No. 1999–SC–0452–DG.**

Supreme Court of Kentucky.

Oct. 26, 2000.

Bixler W. Howland, Louisville, for Appellant.

Joe Francis Childers, Jr., Lexington, for Appellee.

GRAVES, Justice.

On January 6, 1995, Grace Green was injured when she slipped and fell on an icy sidewalk at a PNC Bank in Richmond, Kentucky. At three different times on the morning of the incident, a bank teller had spread a melting agent on the sidewalk. However, at the time Green fell, which was approximately 1:30 p.m., the sidewalk had not been treated for over 1½ hours. Green admitted that the weather conditions were poor that day, with alternate periods of snow and freezing rain. Green stated that she had gone to the hairdresser earlier that morning, and that she approached the shop like she was "walking on eggs" to avoid falling. When Green and her husband arrived at the PNC Bank later that afternoon, she observed that the parking lot and sidewalk were icy and slippery. Moreover, she stated in her deposition that she did not see any salt on the sidewalk or notice that any measures had been taken to clear away the snow and ice.

The Madison Circuit Court relied on *Ashcraft v. Peoples Liberty Bank & Trust Co.*, Ky.App., 724 S.W.2d 228 (1986), in granting PNC's motion for summary judgment. However, based upon the decision in *Estep v. B.F. Saul Real Estate Investment Trust*, Ky.App., 843 S.W.2d 911 (1992), the Court of Appeals held that factual questions as to the obviousness of the natural hazard and the reasonableness of PNC's actions precluded summary judgment. We granted discretionary review and now reverse the decision of the Court of Appeals.

■ The current state of the law in Kentucky regarding outdoor natural hazards is set forth in *Standard Oil Company v. Manis*, Ky., 433 S.W.2d 856, 858 (1968), and establishes that "natural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landlord has a duty to remove or warn against." The *Standard Oil Company* decision, which involved a slip and fall upon an outdoor icy platform, was premised on the fact that the risk was as obvious to the injured party as it was to the owner of the premises, and that it occurred as a result of natural outdoor hazards.

As we have heretofore noted, the hazard faced by appellee was created by natural elements. It was outside, and exposed in broad daylight. Appellee was thoroughly familiar with the structure. He was fully aware of the accumulation of ice and snow in the area. He saw that the level part of the walkway was wet, indicating that melting ice had been there. That there might be on the platform unmelted ice, or refreezing water was a distinct possibility.

There was no duty on appellant to stay the elements or make this walkway absolutely safe. Nor was there a duty to warn appellee that the obvious natural condition may have created a risk. If a 'glare of ice' existed on the platform, whatever hazard it constituted was as apparent to appellee as it was to appellant. We are unable to find a breach of duty by the latter. (citation omitted)

*Id.* at 859; *See also Corbin Motor Lodge v. Combs,* Ky., 740 S.W.2d 944 (1987).

The Court of Appeals' reliance on *Estep, supra,* is misplaced. In *Estep,* a store patron was injured when she slipped and fell on a sidewalk near the entrance to McAlpins at the Lexington Mall. While the Plaintiff was aware of the inclement weather conditions present at that time, she observed that the parking lot had been cleared of snow when she arrived at the shopping mall. The plaintiff surmised that the sidewalk had been cleared as well, although she noted a "thin skiff" of snow thereon. However, after taking several steps, she slipped and fell on ice which was concealed underneath the snow.

In reversing the trial court's granting of summary judgment in favor of the defendants, the Court of Appeals in *Estep* held that *Standard Oil Company, supra,* was distinguishable in that Plaintiff Estep was "unaware of the transparent layer of ice on the seemingly cleared sidewalk until she stepped upon it, even though she was aware of the generally icy and snowy conditions then existing." *Estep, supra,* at 913. As such, there was an issue regarding the obviousness of the hazard which precluded summary judgment.

Similarly, Green's citation to *City of Madisonville v. Poole,* Ky., 249 S.W.2d 133 (1952) is also misplaced. The plaintiff therein slipped and fell on ice on a covered porch of a clubhouse as she was about to enter the door. However, as noted in *Standard Oil Company, supra,* the distinguishing aspect of *Poole* is that the accident occurred at night and the porch, which the plaintiff could have perhaps

foreseen would be free of ice since it was covered, was not lighted. Therefore, the hazard was not obvious.

■ Green argues that the Court of Appeals was correct in holding that summary judgment was not proper because a genuine issue of fact was presented as to whether the hazard was open and obvious. We disagree. Green's deposition testimony unquestionably confirms that her visit to the bank was during daylight hours; that she was aware of the inclement weather conditions; that she had earlier in the day been forced to walk like she was "walking on eggs" to avoid falling; that she clearly noticed the sidewalk at the PNC Bank was icy; and that there was no indication that any measures had been taken to clear the sidewalk. Green's own testimony dispels any issue as to whether the risk was open and obvious. Accordingly, PNC Bank was entitled to summary judgment.

We acknowledge that the *Estep, supra,* decision reiterates the well-known rule that a duty voluntarily assumed cannot be carelessly undertaken without incurring liability therefore. *Id.* at 914; *See Louisville Cooperage Co. v. Lawrence,* 313 Ky. 75, 230 S.W.2d 103 (1950). However, with regard to outdoor natural hazards, we perceive a distinction where a business owner undertakes reasonably prudent measures to increase the safety of the premises, such as was done in this case, and a business owner who undertakes measures which, in fact, heighten or conceal the nature of the dangerous condition such as occurred in *Estep.*

PNC Bank attempted to clear its sidewalk of ice and snow for the safety of its customers. Yet, given the fact that it was intermittently snowing and sleeting that day, it would have been virtually impossible for bank employees to have maintained a constant watch over the condition of the sidewalk. More importantly, nothing that PNC Bank did made the natural hazard any less obvious or increased the likelihood

that Green would slip and fall. We are of the opinion that it is against public policy, and even common sense, to impose liability on those who take reasonable precautions if such does not escalate or conceal the nature of the hazard, while absolving those who take no action whatsoever.

The decision of the Court of Appeals is reversed and the Madison Circuit Court's order granting summary judgment in favor of PNC Bank is hereby reinstated.

COOPER, GRAVES, JOHNSTONE, and KELLER, J.J., concur.

WINTERSHEIMER, J., concurs in result only.

LAMBERT, C.J., dissents in a separate opinion in which STUMBO, J., joins.

LAMBERT, Chief Justice, dissenting.

In *Corbin Motor Lodge v. Combs,*[1] I wrote a dissenting opinion expressing the view that public establishments that remain open for business during inclement weather and thereby encourage customers to come on their premises have a duty to exercise the proper degree of care for the safety of persons who foreseeably might be injured by their acts or omissions. This Court's decisions have utilized various theories including a lack of legal duty with regard to natural outdoor hazards to defeat claims for compensation by persons injured on parking lots and sidewalks of business establishments. This theory fails to take account of the higher duty of care owed by a business owner to invitees on premises to conduct business and who thereby bestow an economic benefit on the owner.

The obviousness of a hazard caused by bad weather does not make it the less dangerous, nor should it relieve a business owner who profits from an invitee's patronage of the duty to make the business premises safe. The economic incentives to attract the general public to a business make it reasonable for the proprietors of commercial establishments to be held to a higher duty to invitees. Thus, the better rule is that of the Restatement, Torts 2d, § 343, which imposes premises liability upon a business owner despite an obvious danger if the owner should realize that there is an unreasonable risk of harm and that invitees will fail to protect themselves against such harm.

This case presents just such a situation. PNC Bank was open during bad weather and anticipated the arrival of customers. To melt the snow and ice, a bank employee spread a melting agent on the sidewalk periodically throughout the day, thereby demonstrating an awareness that customers would come to the bank to transact business despite the inclement weather. Thus, although the slippery conditions may have been obvious, it is clear that the bank knew that customers would walk on the sidewalk regardless of the possibility that they might fall and injure themselves. Thus, Ms. Green should be able to proceed with this lawsuit and a jury should decide the comparative fault of the parties. The economic benefit the bank derives from remaining open during inclement weather justifies possible imposition of liability under these circumstances. Moreover, it should not be overlooked that as between the bank and Mrs. Green, only the bank was in a position to remove snow and ice by the use of melting agents. Only the bank had any realistic opportunity to prevent the harm while remaining open for business and realizing its economic benefit.

This conclusion is supported by *Wallingford v. Kroger Co.,*[2] another case dealing with a slip and fall resulting from an obviously slippery surface. In *Wallingford,* a delivery man slipped and fell on a delivery ramp covered with snow and ice after he had been denied entry into the store through a less hazardous entrance. The court applied the exception to the general

1. Ky., 740 S.W.2d 944, 947–948 (1987)(Lambert, J., dissenting).

2. Ky.App., 761 S.W.2d 621 (1988).

rule governing natural and obvious outdoor hazards, stating

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection ...

> Such reason to expect harm to the visitor from known or obvious dangers may arise ... where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.[3]

Accordingly, the obviousness of the slippery sidewalk that Ms. Green fell on should not absolve the bank from potential liability, as the bank should have and in fact did realize that customers would enter the bank despite the dangerous conditions.

We should endeavor to go beyond the worn-out, rigid theories relied upon by the majority and forthrightly say that when business establishments remain open for business during inclement weather, they have a duty to exercise the degree of care required for business invitees regardless of whether the natural hazard is obvious. Thus, I respectfully dissent.

STUMBO, J., joins this dissenting opinion.

---

**3.** *Id.* at 624–625, *quoting* the Restatement (Second) of Torts § 343(A) cmt. f (1965).