**Walker FOLEY, Plaintiff,**

v.

**MICHEL TIRE COMPANY, Defendant.**

**Civil Action No. 3:00CV–564–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

Jan. 2, 2002.

Gary Robert Hillerich, Haddad Law Offices, Louisville, KY, for plaintiff.

William T. Donnell, Ann E. Georgehead, Frost, Brown & Todd, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. For the reasons set forth below, defendant's motion will be **GRANTED.**

## BACKGROUND

On March 17, 2000 plaintiff took his car to one of defendant's places of business to have two tires changed. Defendant's employees moved the car to an outside work area behind the building and used a jack to raise it. While there was a sign posted inside the store prohibiting customers from entering "working areas," (Def.Mem.Supp.Summ. J. Exh. 2), plaintiff did not interpret the sign as applying to the outside work area. (Pltf.Aff.¶ 8). Plaintiff therefore approached the car in order to cover some apples that were in the trunk. He testified he saw the jack handle protruding eighteen inches to two feet from under the car as he approached it. (Pltf. Dep. at 22–24). After covering the apples, he turned to walk away and tripped over the jack handle, injuring his leg. This personal injury action followed.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c); *See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

However, the moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* at 323, 106 S.Ct. at 2552. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)

In order to recover for his fall, plaintiff must establish defendant owed him a duty of care that it breached causing his damages. *See Illinois Central R.R. v. Vincent,* 412 S.W.2d 874, 876 (Ky.1967). Defendants claims that, with respect to open, obvious conditions of which plaintiff was actually aware, it did not owe him a duty or care. If this is correct, then plaintiff would be unable to establish the first element of his cause of action, and defendant would be entitled to judgment as a matter of law.

Defendant first asserts that plaintiff cannot be characterized as a business invitee for purposes of determining the duty owed because he entered a prohibited work area and thus exceeded the scope of his invitation. Because we find that defendant owed no duty to plaintiff regardless of his characterization, we will assume for purposes of this discussion that he was an invitee.

The general rule in Kentucky is that land owners owe invitees a duty of

reasonable care in keeping their premises safe. *See Rogers v. Professional Golfers Ass'n,* 28 S.W.3d 869, 872 (Ky.Ct.App.2000)(citing *McDonald v. Talbott,* 447 S.W.2d 84, 86 (Ky.1969)). "However, '[r]easonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them.'" *Id.* (quoting *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.,* 997 S.W.2d 490, 492 (Ky.Ct.App.1999)). Therefore, no duty is owed when the hazardous condition is open and obvious. *See id.* at 873(citing *Bonn v. Sears Roebuck & Co.,* 440 S.W.2d 526, 529 (Ky.1969)). Here, plaintiff admitted he was aware the jack was protruding from the car prior to falling over it. (Pltf. Dep. at 22–24). Thus, the hazard posed by the jack was open and obvious to plaintiff and, under Kentucky law, defendant has no duty to warn of or take precautions to protect plaintiff from the jack.

 Plaintiff argues that defendant voluntarily assumed a duty to warn by posting a sign inside the store prohibiting customers from entering work areas. Once they undertook this duty, according to plaintiff, a jury question exists as to whether it was reasonably performed. *See Estep v. B.F. Saul Real Estate Investment Trust,* 843 S.W.2d 911, 914 (Ky.Ct.App. 1992)("[T]he well-known rule [is] that a duty voluntarily assumed cannot be carelessly undertaken without incurring liability therefore."). In *Estep,* the plaintiff was injured when she fell on a patch of ice in front of defendant's store. Defendant had earlier cleared the walkway so it appeared safe. The court found that although the defendant had no duty to guard against the open and obvious hazard the ice posed, it voluntarily assumed the duty by attempting to clear the ice. A jury question thus existed as to whether its efforts to do

so were reasonable. However, the Kentucky Supreme Court later found *Estep* distinguishable where the defendant's safety measures did not make the hazard less obvious or make injury more likely. *See PNC Bank, Kentucky, Inc. v. Green,* 30 S.W.3d 185, 187(Ky.2000). The court held "it is against public policy, and even common sense, to impose liability on those who take reasonable precautions if such does not escalate or conceal the nature of the hazard, while absolving those who take no action whatsoever." *Id.* at 188. Here, as in *PNC Bank,* defendant's sign in no way made the jack less obvious to plaintiff nor did it increase the likelihood that plaintiff would be injured by the jack. We therefore find defendant did not voluntarily assume a duty to warn of the jack.

## CONCLUSION

For the reasons discussed above, we find there is no genuine issue of material fact as to whether defendant owed plaintiff a duty of care. Therefore, defendant's motion for summary judgment will be granted by separate order entered this date.