**Gloria GAFF, Plaintiff–Appellant,**

v.

**JOHNSON OIL CO. d/b/a/ Bigfoot Food Stores, Defendant–Appellee.**

**No. 01–5711.**

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2002.

Before MOORE and COLE, Circuit Judges; and MARBLEY,* District Judge.

## OPINION

COLE, Circuit Judge.

This action arises out of an accident that occurred on an icy parking lot outside a convenience store in the dead of winter. The accident victim, Plaintiff–Appellant Gloria Gaff, argues that the Defendant–Appellee, Johnson Oil Company ("Johnson Oil"), had a duty to remedy or warn her about the icy conditions on its parking lot prior to her accident. Gaff now appeals from the district court's grant of summary judgment in favor of Johnson Oil on the ground that there was no genuine issue of material fact for the jury to decide.

This appeal presents one issue for our review: (1) whether the district court properly granted Johnson Oil's motion for summary judgment on the ground that Johnson Oil owed no duty of care to Gaff. This issue has no merit. Accordingly, we **AFFIRM** the judgment of the district court.

## BACKGROUND

### A. Factual Background

Johnson Oil operates a number of gas stations and convenience stores under the name Bigfoot Food Stores ("Bigfoot"). This tort action stems from an accident that occurred outside a Bigfoot store in Louisville, Kentucky. Gaff stopped at the Bigfoot store on January 4, 1999 to purchase gasoline for her car and to use the

automatic car wash behind the store. She concedes that she realized that the store's parking lot was icy, that the temperature was below the freezing point, and that she walked very carefully over the lot given its condition on her first two trips across it—from her car to the store after pumping her gasoline, and back again to the car after making her purchase inside the store. Gaff then drove her car to the automatic car wash, but had difficulty engaging the automatic garage door of the car wash. She crossed the icy parking lot a third time, again noticing the extent of ice on the lot, before entering the store to inquire as to how to operate the garage door of the car wash. Gaff next proceeded out the store, down the fully cleared adjoining sidewalk, and stepped back onto the icy pavement toward her car for her fourth crossing of the parking lot. Despite proceeding cautiously, and knowingly stepping onto a patch of ice as she stepped down from the sidewalk, Gaff's foot slipped and she fell. Gaff suffered injuries in this fall.

### B. Procedural History

Gaff filed suit against Johnson Oil on January 4, 2000 in the Jefferson County Circuit Court. On a motion by Johnson Oil, the case was removed on February 10, 2000 to the United States District Court for the Western District of Kentucky on grounds of diversity jurisdiction. Johnson Oil filed a motion for summary judgment on January 16, 2001, which was granted by the district court on May 21, 2001. Gaff filed a timely notice of appeal on May 31, 2001.

## DISCUSSION

### 1. STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *See Smith v.*

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

*Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the district court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The operative question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.,* 25 F.3d 1320, 1323 (6th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## 2. ANALYSIS

Gaff argues that the trial court improperly granted summary judgment because whether the icy conditions in the Johnson Oil parking lot were open and obvious, and whether Johnson Oil should have taken steps to ensure Gaff's safety, are both genuine issues of material fact that should have been submitted to a jury. In order to recover on her negligence claim, Gaff must establish that Johnson Oil owed her a duty of care, and that its breach of that duty was responsible for her damages. *Mitchell v. Hadl,* 816 S.W.2d 183, 185 (Ky. 1991). *See also* W. PROSSER, LAW OF TORTS § 30 (1971). An owner of commercial premises holds a full duty of reasonable care to a business invitee on its property. *See McDonald v. Talbott,* 447 S.W.2d 84, 86 (Ky.Ct.App.1969); *see generally* RESTATEMENT (SECOND) OF TORTS § 343 (1965) (detailing the responsibilities an owner of land owes to a business invitee). *But cf.* RESTATEMENT (SECOND) OF TORTS § 343A (1965) (limiting those responsibilities for known or obvious dangers).

Despite this duty to make the property reasonably safe for the invitee, *see City of Madisonville v. Poole,* 249 S.W.2d 133, 137 (Ky.1952), Kentucky law is not generous to business invitees who suffer an injury as a result of a risk created by an obvious, outdoor natural condition such as ice. Where the natural outdoor hazard is obvious to the invitee, then the hazard is not an unreasonable risk that the owner has a duty to remedy or about which the invitee must be warned. *Standard Oil Co. v. Manis,* 433 S.W.2d 856, 858 (Ky.Ct.App. 1968). When an invitee knows that the weather conditions are inclement, visits during daytime hours such that she is able to see the condition of the parking lot, specifically notices that a given parking lot is icy, and is forced to walk carefully to avoid falling, then the risk created by an icy parking lot is "open and obvious" and the owner has met its duty of reasonable care owed to the invitee and owes no additional duty to remedy or warn. *PNC Bank of Ky., Inc. v. Green,* 30 S.W.3d 185, 187 (Ky.2000). No exception to this rule exists where the plaintiff is forced to make multiple crossings over an icy ramp or parking lot. *Id.* at 186 (implicitly rejecting the rule in *Wallingford v. Kroger Co.,* 761 S.W.2d 621, 622 (Ky.Ct.App.1988), that offered a broader duty to an owner of land for obvious dangers where the owner has reason to expect that the invitee will proceed to encounter the danger). Where the owner meets this duty of reasonable care and has no additional duty to remedy or warn, then there can be no breach and thus no actionable negligence. *See Ashcraft v. Peoples Liberty Bank & Trust Co.,* 724 S.W.2d 228, 229 (Ky.Ct.App.1987).

Gaff's deposition testimony establishes that the ice in Johnson Oil's parking lot was an open and obvious outdoor natural condition of which she was aware, and that

the district court properly found no genuine issue of material fact necessary for trial. *Equitable*, 143 F.3d at 1016. Gaff's claim fails as a matter of law because she cannot establish that the full duty of reasonable care that Johnson Oil owed her required it to warn her about the naturally occurring ice or remedy that condition. *McDonald*, 447 S.W.2d at 86.

Gaff concedes that she knew that the parking lot was icy, that the temperature was below the freezing point, and that she walked very carefully over the lot in her three prior trips across it. As the district court concluded in its memorandum opinion, Gaff "was aware of the danger of snowy and icy conditions present and, specifically, aware of the patch of ice upon which she slipped. She was also aware of the danger of these conditions and proceeded cautiously." Since the risk created by the icy parking lot was open and obvious, Johnson Oil owed no additional duty to remedy the condition or warn Gaff.[1] *PNC Bank*, 30 S.W.3d at 187. With no duty, Gaff's negligence claim fails as a matter of law. *Ashcraft*, 724 S.W.2d at 229.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

1. At oral argument, Gaff argued that *Wallingford*, 761 S.W.2d at 622, created an exception to the rule in *PNC Bank* where the plaintiff is forced to make multiple crossings of a given icy stretch in a loading ramp or parking lot. Although the majority opinion in *PNC Bank* makes no reference to *Wallingford*, the rule it creates leaves no room for an exception for multiple crossings of an open and obvious icy patch of a parking lot. *PNC Bank*, 30 S.W.3d at 186. *PNC Bank* clearly states that as long as the natural outdoor hazard is "obvious to an invitee," then it does "not constitute unreasonable risks to the [invitee] which the landlord has a duty to remove or warn against." *Id.* (citing *Manis*, 433 S.W.2d at 858). The dissent in *PNC Bank* concedes that no such exception exists, but cites *Wallingford* and the Restatement (Second) Of Torts § 343 (1965) as the ideal rule for owner liability." *Id.* at 189.