RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0321-MR

ERIKA BOYD                                                              APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 21-CI-02714

TATES CREEK CROSSINGS; AND
PARKWAY APARTMENTS, L.L.C.                                  APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

ECKERLE, JUDGE:  Appellant, Erika Boyd ("Boyd"), appeals from a summary judgment by the Fayette Circuit Court dismissing her premises-liability claims against Appellees, Tates Creek Crossings ("Tates Creek") and Parkway Apartments, L.L.C. ("Parkway").  She argues that summary judgment was inappropriate under the current standard for open-and-obvious conditions.  We

agree, determining that the current state of the law, which has changed measurably over the decades, provides that dismissal based on an open-and-obvious condition is warranted only when the evidence clearly establishes that Boyd's conduct in the face of an open-and-obvious hazard was the only cause of her injury, or when it is beyond dispute that the landowner took all reasonable steps to address or warn of the dangerous condition. Because there were genuine issues of material fact on both issues, we conclude that summary judgment was improper. Hence, we reverse and remand for further proceedings on the merits of Boyd's claims.

For purposes of this appeal, the following facts are not in dispute. Boyd leased an apartment at Tates Creek in Lexington, Fayette County, Kentucky. Parkway has an ownership interest in the apartment complex. In February 2021, Lexington experienced several days of snow and ice. Parkway had previously contracted with Grassmasters for turf maintenance and snow removal. Pursuant to this contract, Grassmasters undertook the responsibility to remove snow and ice from the Tates Creek parking lot and walkways.

During the early morning of February 21, 2021, several days after the snowfall ended, some snow and ice remained on the ground and portions of the parking lot at Tates Creek. The air temperature remained below freezing for much of this time as well. In her deposition testimony, Boyd stated that she was walking to her car when she encountered ice on the walkway. She also observed ice on the

parking lot near her car's passenger-side door. To avoid the ice, Boyd walked through an area of snow-covered grass bordering the parking lot. While approaching the rear of her car, Boyd slipped and fell, allegedly sustaining injuries.

On September 8, 2021, Boyd filed a complaint against Tates Creek and Parkway, asserting claims of negligence based on premises liability. Specifically, Boyd alleged that Tates Creek and Parkway breached their duties to keep the premises in a reasonably safe condition. After a period of discovery, Tates Creek and Parkway moved for summary judgment on three related grounds. First, they argued that they had no duty to protect Boyd against an "open and obvious" danger, such as snow and ice. Second, they asserted that they exercised due care between the time of snow event and Boyd's fall. And third, they argued that comparative negligence was not appropriate in the absence of showing of negligence.

After considering the parties' arguments and briefs, the Trial Court granted the motion for summary judgment. The Trial Court agreed with Tates Creek and Parkway that the accumulation of snow and ice was a natural outdoor hazard that was obvious to Boyd. The Trial Court held that, by choosing to cut through the grassy area, Boyd failed to take action to avoid the hazard. Consequently, the Trial Court concluded that Tates Creek and Parkway could not

have breached any duty they owed to Boyd. Boyd now appeals from the judgment dismissing her claims. Additional facts will be set forth below as necessary.

The sole question presented on appeal is whether Tates Creek and Parkway were entitled to summary judgment as a matter of law. "The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment, and all doubts are to be resolved in her favor. *Steelvest*, 807 S.W.2d at 480. The Trial Court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. *Id.* Because a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the Trial Court. *Scrifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

---

[1] Kentucky Rules of Civil Procedure.

In any cause of action based on negligence, a plaintiff bears the burden of establishing a duty on the part of a defendant, breach of that duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff. *Mullins v. Commonwealth Life Insurance Co.*, 839 S.W.2d 245, 247 (Ky. 1992). Duty presents a question of law, while breach and injury are fact questions for a jury to decide. Causation is a mixed question of fact and law. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003). "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence." *Ashcraft v. Peoples Liberty Bank & Trust Co., Inc.*,724 S.W.2d 228, 229 (Ky. App. 1986).

While the basic law regarding negligence requires the existence of a duty, the law regarding premises liability supplies the nature and scope of that duty. *Lewis v. B & R Corporation*, 56 S.W.3d 432 (Ky. App. 2001). Generally speaking, a possessor of land owes a duty to an invitee[2] to discover unreasonably dangerous conditions on the land and either eliminate or warn of them. *See Dick's*

---

[2] A person is an invitee if: (1) she enters by invitation, express or implied; (2) her entry is connected to the owner's business or an activity the owner conducts or permits to be conducted on his land; and (3) there is mutuality of benefit to the owner. *West v. KKI, L.L.C.*, 300 S.W.3d 184, 190 (Ky. App. 2008) (citing *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 491-92 (Ky. App. 1999)). As a tenant of Tates Creek, there is no question that Boyd was an invitee on the property.

*Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 897 (Ky. 2013); *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013).

In this case, the Trial Court relied heavily on *PNC Bank, Kentucky, Inc. v. Green*, 30 S.W.3d 185 (Ky. 2000), which involved similar factual and legal issues. The plaintiff in *PNC Bank* slipped and fell on an icy sidewalk in front the defendant's bank. In affirming the dismissal of the plaintiff's negligence claims, our Supreme Court first noted that "the current state of the law in Kentucky regarding outdoor natural hazards . . . establishes that 'natural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landlord has a duty to remove or warn against.'" *Id.* at 186 (citing *Standard Oil Company v. Manis*, 433 S.W.2d 856, 858 (Ky. 1968)). Because the risk of snow and ice on the sidewalk was open and obvious to the plaintiff, the Court held that the bank was entitled to summary judgment. *Id.* at 187.

However, in *Shelton v. Kentucky Easter Seals Society*, *supra*, the Kentucky Supreme Court subsequently rejected the foundations of the holding of *PNC Bank*. That Court held that, for open-and-obvious premises-liability cases, the foreseeability analysis formerly conducted under both the duty and breach elements of a claim of negligence would instead apply only to the breach element. *Id.*, 413 S.W.3d at 914. That Court emphasized that a land possessor's general

-6-

duty of ordinary care is not eliminated simply because a hazard is obvious. *Id.* at 911. The question rather, is whether the landowner could reasonably foresee a land entrant proceeding in the face of the danger, which is relevant to the broader question whether the landowner breached the universal duty of reasonable care. ("[T]he foreseeability of the risk of harm should be a question normally left to the jury under the breach analysis." *Id.* at 914.) In so holding, that Court reasoned that owners of premises always have a legal duty due to "the landowner-invitee relationship and general duty of reasonable care applicable to landowners." *Id.* at 908. Therefore, instead of starting with addressing whether harm caused by an obvious hazard was foreseeable enough to create a duty, the "analysis will almost always begin with the breach question, given the broad sweep of the general duty of reasonable care." *Id.*

And in *Carter v. Bullitt Host, L.L.C.*, 471 S.W.3d 288 (Ky. 2015), the Kentucky Supreme Court extended the holding in *Shelton* from only man-made open-and-obvious cases to naturally-occurring open-and-obvious cases. *Id.* at 297. As in the present case, the plaintiff in *Carter* suffered injury by slipping on ice that had accumulated on a parking lot. *Id.* at 290. The Supreme Court emphasized that the language in *Standard Oil v. Manis*[3] (relied upon in *PNC Bank*) was no longer valid in light of the adoption of comparative negligence and the ruling set forth in

---

[3] 433 S.W.2d 856 (Ky. 1968).

*Shelton*. *Carter*, 471 S.W.3d at 298-99. Consequently, while the holding of *PNC Bank* has never been explicitly overruled, the substantive basis for its holding has been substantially abrogated. Therefore, the Trial Court erred by relying on that holding in this case.

Nevertheless, Tates Creek and Parkway maintain that they were still entitled to summary judgment. First, they correctly note that the premises owner is not an insurer of the safety of invitees, and their only duty is to exercise reasonable care for the protection of the invitees. *Bartley v. Educ. Training Systems, Inc.*, 134 S.W.3d 612, 614-15 (Ky. 2004) (citing William Prosser and W. Page Keeton, *Prosser and Keeton on Torts*, § 61 (5th ed. 1984)). *See also Walmart, Inc. v. Reeves*, 671 S.W.3d 24, 28 (Ky. 2023). In this case, Tates Creek and Parkway contracted with Grassmasters to remove snow and ice from the walkways and parking lot. Grassmasters cleared the area and applied salt several times in the week before Boyd's fall. In addition, several days had passed since the most-recent snow, and the temperature had been near freezing for at least part of that time. Under these circumstances, Tates Creek and Parkway argue that they satisfied their duty of reasonable care.

Second, Tates Creek and Parkway point out that Boyd chose to cut through the uncleared, grassy area as a short-cut to her car. On several occasions in her deposition, Boyd stated that she did so to take the shortest route to her car.

-8-

And when asked why she did not walk in areas where there was no ice or snow, she answered, "it's not the shortest distance." Tates Creek and Parkway argue that her decision to deviate from the walkway and parking lot areas was not foreseeable as a matter of law. Consequently, they maintain that, even under the *Shelton* standard, they were still entitled to summary judgment on her claims of premises liability.

Boyd responds that the issues of reasonable care and foreseeability are issues of fact for the jury to decide. She asserts that Tates Creek and Parkway had non-delegable duties to maintain the premises in a reasonably safe condition. *Grubb v. Smith*, 523 S.W.3d 409, 422 (Ky. 2017). Thus, she concludes that Tates Creek and Parkway are not excused from liability simply because they hired Grassmasters to conduct the snow removal.

Furthermore, Boyd claims that Tates Creek and Parkway selectively quoted from portions of her deposition to mischaracterize her testimony. Boyd testified that she observed snow and ice on the walkway and the parking lot near her car. As noted, she specifically testified that she cut through the grass because of the presence of ice on the walkway and near her car. Her statements on cross-examination that she cut through the grass to take the shortest route were based on the presence of ice and snow on the walkways and parking lot near her car. Under these circumstances, she argues that there was a genuine issue of material fact

whether Tates Creek and Parkway should have foreseen that a tenant would cut through the grass in an effort to avoid icy conditions on the walkway and parking lot.

We agree. In *Grubb v. Smith*, *supra*, the Supreme Court noted the current, high standard for dismissal of negligence claims in an open-and-obvious situation:

> Our [*Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010)] line of cases, including *Dick's Sporting Goods*, *Shelton*, and now *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015), reflect our determined effort to effect that restoration and to limit holdings, at trial or on appeal, that an obvious, risk-posing condition on the property is "not unreasonable as a matter of law," to those rare instances where they are justified. For example, public policy may require that a frequently recurring type of risk-creating condition be deemed not unreasonable and thus excepted from a land possessor's general duty of care. Similarly, in some, albeit rare, instances summary judgment or a directed verdict is appropriate because "the plaintiff's conduct in the face of an open and obvious hazard [was] . . . clearly the only fault [sic] of his injury . . . [as] for example when a situation [a risk-creating condition on the property] cannot be corrected by any means or when it is beyond dispute that the landowner had done all that was reasonable." *Carter*, 471 S.W.3d at 297 (*citing generally Shelton*, 413 S.W.3d at 911-918).

*Grubb*, 523 S.W.3d at 418 (footnote omitted).

The proof submitted by Tates Creek and Parkway failed to meet this standard. Although they submitted significant evidence concerning their efforts to

mitigate the icy conditions, Boyd's testimony was sufficient to establish that at least some ice and snow remained on the walkways and parking lot. In particular, she testified about the presence of ice on the walkways and parking lot on the most-likely path to her car. This testimony was sufficient to raise a factual question about the foreseeability of her decision to cut through the grassy area to avoid the ice and reach her car. Therefore, we conclude that the Trial Court erred by granting the motion for summary judgment.

Accordingly, we reverse the summary judgment of the Fayette Circuit Court, and we remand for further proceedings on the merits of Boyd's claims.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John S. Friend
Louisville, Kentucky

BRIEF FOR APPELLEES:

Daniel E. Murner
Estee Rose
Lexington, Kentucky